The jury, upon these facts, found a verdict in favor of the plaintiff, and a motion is made for a new trial upon the ground that the verdict is contrary to law.
The statutes relative to fraudulent conveyances have, from the periods of their enactment, received that construction which appeared most likely to suppress deceitful practices and to obviate all temptation to commit them. And the principle arising in this case was brought under the notice of the Court at a very early period after the passing of 27 Eliz., when such a decision was made as might have been expected from the spirit and policy of the statute; for it would seem strange that a person setting up a title which bore upon its face the character of iniquity, and was avowedly designed to defraud creditors, should shelter himself under a law the very design of which was to frustrate and discountenance all such attempts. Accordingly, it has been held in every case in which the question has occurred not only that a purchaser must have paid a valuable consideration, but that the transaction must be fair and honest; and although it is not possible, perhaps, to find a case where the purchase was made precisely with the same view, viz., to defraud the creditors, as in the case before us, yet the bona fides is required as indispensable; for it surely cannot make any difference in principle whether the transaction, if it be really corrupt, receive its impurity from one source or another. *Page 197 
There is a case cited in Twynes' case, 3 Co., which lays down the law in very explicit language. A person having made a voluntary conveyance of his lands, afterwards being seduced by deceitful covenous persons, for a small sum of money bargained and sold his land, being (255) of a great value. This bargain, though it was for money, was holden out of the statute, which being made against fraud, does not help a purchaser who does not come to the land for a good consideration, lawful and without fraud and deceit. Though this case does not involve the rights of creditors, yet it may fairly be considered a direct authority for the principle that a prior voluntary conveyance shall not give away to a subsequent purchaser who has conducted himself dishonestly. It is, in effect, giving to the word purchaser, under the statute, the same meaning which is affixed to it in courts of equity, as one who innocently and without fraud or surprise, for valuable consideration, acquires a right or interest. The cases in Cro. Eliz., 445, and 1 Bur., 396, are to the same effect. In the last case that is recollected where the same question has occurred, the language of the Court is particularly strong. The amount of it is that a purchaser is not entitled to the protection of the statute unless the transaction is bona fide and the purchase fair in the understanding of mankind. It is not necessary that it should be for money, but it must be fair; if it is colorable only, it cannot stand. Cowp., 705.
Upon the whole, we think the plaintiff entitled to judgment upon the reason of the thing, the policy of all the statutes and acts concerning fraud, and the unvarying exposition they have received in respect to the point of this case.
Judgment for the plaintiff.
NOTE. — See Martin v. Cowles, 18 N.C. 29; Fullenwider v.Roberts, 20 N.C. 278.
Cited: West v. Dubberly, post, 479; Beeson v. Smith, 149 N.C. 145.
(256)