Haul. Judge.
 

 From the finding of the jury in this «ase, it may be that the judgment we feel ourselves bound to give, will not accord with the justice of the case. Admitting that however to be the case, it is better that the injury be submitted to, than that a wholesome and well established rule of law should be shaken.
 

 Judgments are the solemn determinations of judges upon subjects submitted to them, and the proceedings are
 
 *259
 
 'recorded for the purpose of perpetuating them. They are the foundations of legal repose. It is stated by
 
 Lord Mansfield
 
 in
 
 Moses
 
 v.
 
 McFerlan,
 
 (2
 
 Bur.
 
 1005,) that the merits of a judgment can never be impeached by an original suit either at law or in equity; that the judgment . i - , , is conclusive as to the subject matter oí it whilst it is m .force, and until it is reversed or set aside. So it isstated in 1
 
 Stark, on Evid.
 
 224, that the record of a judgment in a criminal case is conclusive evidence of the fact of conviction and judgment, and all the legal consequences resulting from it. It is in the nature of a judgment
 
 in rem.
 

 Judgments can-no' be impeached collaterally ancl wIl‘ie tlie/ are unreversed, they are coiiclu.
 

 An(i where the-indfctment^vas convicted of the not* m\ny form «faction recov-acTiunfit tllC prosecutor, altion was the result
 
 °f
 
 conspna-cy and perjury,
 

 When an action is brought for a malicious prosecu-r tion, it is indispensable that the plaintiff should not only show forth the record of the prosecution, but also by the same record, his acquittal of the charge made against him. (2
 
 Stark, on Evid.
 
 906). If he cannot do this, he must fail in his action. So likewise must he fail, if lie shows forth a record, which shows a verdict and judgment of conviction. That judgment is evidence of his guilt, whilst it is in force.
 

 But the plaintiff denies that this is an action for a malicious prosecution, in the limited, technical meaning of that action ; but an action on the case in its extensive meaning, complaining thattho plaintiff sustained damages in being convicted of the crime of conspiracy, thro’ the agency of the defendants, and by their conspiracy. He admits the lawfulness of the conviction, but says it was procured by the perjury and conspiracy of tlie defendants.
 

 ’ The plaintiff certainly confines himself to very narrow limits. He suffered under that judgment, but he admits its legality. He only complains of the conspiracy and perjury of the defendants. If their conspiracy and perjury, admitting them to be guilty of them, are considered ** . • as unconnected with the judgment and the effects of the judgment, they are offences of a public nature. They may be punished for them by indictment. But keeping the judarment out of view, they have not injured the
 
 °
 
 °
 
 J °
 
 plaintiff either m person or m purse. Let the case be disguised as it may, it-is an action .brought, for an injury
 
 *260
 
 sustained by that public prosecution; and as long as the plaintiff’s guilt is established by the judgment in that prosecution, so long must he be without a remedy.
 

 Per Curiam. — Judgment aeetrmed,.