DAVID MAUNEY v. J. W. GIDNEY and others.

*Vacation of Judgment—Section 133—Infants.*

1. A party seeking to have a judgment set aside on the ground of excusable neglect, must at least set forth in his application such a case as *prima facie* amounts to a valid defence: whether the defence is valid, is a question to be determined by the court, not by the party.

2. There is a presumption in favor of the validity of every judgment of a court of competent jurisdiction, and the burden of overcoming it rests upon the party seeking to set aside the judgment.

3. In applications for relief under section 133, no distinction is made between adult and infant parties, provided the latter are represented according to the requirements of the law and the practice of the court.

(*English* v. *English*, 87 N. C., 497; *Jarman* v. *Saunders*, 64 N. C., 367, cited and approved).

MOTION to set aside a judgment, under section 133 of the Code, heard at January Special Term, 1881, of CLEAVELAND Superior Court, before *Eure, J.*

At August term, 1863, of the county court of Cleaveland county, license was granted to William McSwain, as administrator of George McSwain, to sell the lands of his intestate for assets to pay debts. At the sale, which was had soon thereafter, H.

K. McSwain became the purchaser, and upon report thereof the sale to him was confirmed.   He took no deed from the administrator, though it is alleged that he paid him the whole purchase money.   Afterwards he sold the land and gave a bond for title, and it has since changed hands several times, so that the right to it is in the plaintiff.

The administrator died in 1871, and in 1876 the defendant, Gidney, qualified as the administrator *de bonis non* on the estate of the first intestate.

In 1878, the plaintiff commenced an action in the superior court against the said defendant, as such administrator, and the heirs-at-law of his intestate, in which he alleged the foregoing facts in connection with the sale of the land and its ownership by himself, and the payment of the purchase money to the first administrator, and asked that the title might be decreed to be made to him by the administrator *de bonis non*.

Two of the heirs were infants, without guardian, and by order the court, J. L. Webb was appointed their guardian *ad litem*. After accepting service of process, the said Webb, as guardian, filed an answer admitting all the allegations of the complaint. The defendant, Gidney, as administrator, also filed an answer, in which he denied that the purchase money had ever been paid.

At fall term, 1878, a judgment was rendered in the cuase, declaring that the purchase money had been paid, and directing the deed to be made, as asked for by the plaintiff.

Afterwards a motion was made to set aside such judgment, upon the ground of excusable negligence or surprise, which was heard at special term in January, 1881, when the judge below, after setting out so much of the case as is above stated, made additional findings of fact as follows :

That the process in the original cause was served on all the parties, infants and adults ; the plaintiff made an affidavit before the clerk on the 11th of October, 1878, setting forth that the two defendants (W. P. and D. J. McLean) were infants, without guardian, and asking that a guardian *ad litem* might be appinoted

for them, and on the same day the order appointing Webb as such was made; a summons immediately issued for him, and the service thereof accepted by him; that he was appointed guardian *ad litem* at the request of plaintiff's counsel, and filed his answer admitting the allegations of the complaint upon the assurance of such counsel that all the proceedings in the original action were regular and according to law, and relying upon such assurances, he made no investigation of the rights of his wards, or sought information from any other quarter; the administrator, Gidney, received similar assurances from plaintiff's counsel, as to the regularity of the original proceedings, which prevented his making such inquiries into the facts as otherwise he would have done; that the other defendant (Martha E. McSwain) was of full age, but ignorant and without experience, and had no proper understanding as to the nature of the proceedings, and, upon seeking advice from a neighbor, was told that he had consulted counsel for her, who informed him that it was useless to attempt to make any defence, and that the plaintiff's counsel, in giving the assurance to the guardian and administrator, acted strictly in good faith and with no purpose to deceive or mislead them, but that the guardian at the time of his appointment was a young man just licensed as an attorney, and without a correct understanding of his real duty in the case; that the administrator, Gidney, is also a lawyer, but for the reason stated, gave no more attention to the matter; and since that time, both the guardian and administrator have looked fully into the matter, and learned to their satisfaction that the heirs had a valid defence to the action, and that no such judgment ought to have been rendered in the cause. The deed, which the administrator was directed to make to the plaintiff for the lands, was made soon after the judgment was rendered and before any notice was given of the motion to vacate it. Upon the foregoing facts His Honor directed the judgment to be set aside, and from that ruling the plaintiff appealed.

*Messrs. D. Schenck, R. McBrayer* and *D. G. Fowle,* for plaintiff.

*Messrs. Haywood & Haywood,* for defendants.

RUFFIN, J.   We infer, though it is barely a matter of inference with us, that some irregularity was committed in the course of the proceedings in the county court when the first administrator applied for a license to sell the lands of his intestate, which it is now supposed vitiated those proceedings and may affect injuriously the order that was then made.   Nothing of the sort, however, is alleged to have occurred in the action which the present plaintiff brought in 1878, for the purpose of enforcing the execution of his deed.   So far as is disclosed in the record or in the findings of the court below, that action was regularly conducted, all the parties being duly served with process and before the court, and the judgment itself rendered strictly according to the course of the court.   To rid themselves, therefore, of this judgment, the defendants must rely, as they seem to do, solely upon the ground of " excusable neglect" as provided for in the statute.   C. C. P., § 133.   Confining our attention to this view of the case, we are unable to see anything in the facts found, calling for, or even justifying an exercise of a legal discretion on the part of the court to deprive the plaintiff of the benefit of a judgment thus obtained, and put the cause again at issue.

In the first place, and contrary to all the authorities, the defendants omit to set out in their application any defence whatsoever which they then had, or which it is conceived they could now make to the action; and for aught the court can tell, looking to their allegations, it may be called upon after setting aside the judgment to render just such another between the same parties. To avoid engaging in so vain a thing, the courts have uniformly required in all such applications that the parties should, at least, set forth such a case as *prima facie* amounted to a valid defence.   *English* v. *English,* 87 N. C., 497 ; *Jarman* v. *Saun-*

*ders,* 64 N..C., 367. Nor is this failure on their part at all cured by the judge's finding, as a fact, that the defendant administrator and the guardian *ad litem* have since satisfied themselves that there really existed a defence, which, had it been relied upon, would have defeated the action. The particulars of that defence are not so stated, as that the court can take hold of it and determine its merit, and it is for the court to do this and not the parties.

In the next place, there is always a presumption—and it is proper that there should be—in favor of the validity and integrity of every judgment of a court of competent jurisdiction, the burden of overcoming which, even in cases coming within the statute, rests upon a party who seeks to have the judgment vacated. He must show that his default in making his defence proceeded from what the law deems *excusable neglect,* and until he does so the judgment must stand. In this regard, too, no distinction can be made between infant and adult defendants. If properly before the court and represented according to the requirements of the law and the practice of the court, the former must be as much bound as the latter by the judgment, and as much affected by the presumption in its favor.

So far from answering to this requirement of the law, the default of these defendants, or those whose duty it was to represent them, was the very reverse of excusable, in that, they omitted to do the very thing which they were appointed to do, that is, to inform themselves of the real merits of the case, and to ascertain and put forth the defences proper to be made.

The assurance which they received from the plaintiff's attorney, that he had an incontestible cause of action, ought not to have misled them, and could not have done so, if they had been even ordinarily prudent and diligent.

What discreet man, when sued, would think of going to his adversary's counsel for information as to the defences and the proper mode of asserting them? For negligence, such as this, the statute makes no provision; neither can the law palliate it

without being untrue to itself, and to all its teachings of diligence.

Unquestionably, if the counsel had made use of any artifice for the purpose of misleading them and preventing their ascertaining the true facts of the case, the court would have been prompt in relieving them from its consequences. But not so, when all he did was to give his honest opinion when asked, and when the only wrong done consists in their having followed his advice.

As to the adult defendant, there is absolutely no ground for disturbing the judgment as to her. She took the advice of counsel, and, having acted on it, must abide the result.

The court is therefore of the opinion that it was error in the court below to set aside the judgment rendered in the cause, and the order to that effect is reversed.

Error.                                                    Reversed.