BANK OF NEW HANOVER v. BLOSSOM & EVANS.

*Practice—Remanding Causes.*

Where the transcript of the record fails to set forth facts necessary for the determination of the case on appeal, it will be remanded to the end that the same may be supplied or found by the court below, as the nature of the cause may require. THE CODE, §965.

MOTION to vacate an order of attachment heard at June Term, 1883, of NEW HANOVER Superior Court, before *McKoy, J.*

The motion was denied and the defendants appealed.

*Messrs. C. M. Stedman* and *D. J. Devane,* for plaintiff.
*Mr. Geo. Davis,* for defendants.

MERRIMON, J.   The record in this action comes before us in a very imperfect and unsatisfactory shape.   We have given it much consideration, and are unable to decide the questions sought to be presented by the grounds of error assigned, until the material facts connected with the motion to discharge the attachment and underlying the amendments complained of, shall be admitted or found by the court.

There is set out in the record an affidavit signed by Isaac Bates, that purports to have been filed on the day the warrant of attachment issued, but it likewise appears that there was a contention as to whether or not an affidavit was filed in fact; and if at all, whether or not it was filed at or before the granting of the warrant of attachment.   The court failed to find, as it ought to have done, how the fact was.

It is suggested in the record, that an order of publication of the summons as to the non-resident defendant (Blossom) was granted on the 16th day of March, next after the time the summons issued, and such order appears; but it does not appear that

any affidavit, at all events any sufficient affidavit, to authorize such order was filed; nor does it appear that there was any order of publication of notice of the attachment at any time; nor does the order of publication, entered in pursuance of the order of the court extending the time of publication, embrace any notice of the attachment; nor does it appear that any publication of the summons or notice thereof, or notice of the attachment was made at any time.

This court cannot find the facts: it has no authority to do so. In such a case, it is the duty of the superior court to find the facts upon which its orders and judgments rest, and to set them forth in the record. This is necessary to the orderly course of procedure. The record is not regular or complete without such findings, and upon appeal to this court, it is indispensable. How it may turn out in this case, we do not venture to say; but it sometimes happens that important rights are impaired or lost by neglect or inadvertence in setting forth the essential parts of the record.

All this court can do, and what it must do in this case, with a view to justice, is to remand it, to the end that the facts may be found by the court; and it may make such orders and amendments as it may deem just and proper, and put the case in such shape as that, if need be, errors may be corrected upon appeal. This court has power to remand for such a purpose, and we find it necessary to do so in this case. THE CODE, §965. This section enlarges the powers conferred by Revised Code, ch. 33, §17, so as to dispense with distinctions between law and equity, and to embrace all cases, whatever their nature.

Let the case be remanded and this opinion certified to the superior court according to law.

PER CURIAM.                                        Remanded.