THE BANK OF NEW HANOVER v. J. R. BLOSSOM et al.

*Serving Process by Publication—Attachment—Amendment.*

1. *It seems*, that the affidavit to obtain an order for the publication of a summons, may be made after the order, provided the order remains in abeyance until the affidavit is filed.

2. Where notice of an attachment and summons were published in one notice for five weeks, it was held a sufficient publication of the notice of the attachment, but not of the summons.

3. Where a publication of a summons was only made for five weeks, the court has power to retain the action and order a sufficient publication.

4. Where notice of the attachment is omitted from the order of publication, but in the published notice the defendant is informed that an attachment has been issued against his property, to what court it is returnable, &c., the court has power to amend the order of publication, so as to insert a requirement that notice be given of the attachment.

5. *Quære*, whether such amendment is necessary.

(*Wheeler* v. *Cobb*, 75 N. C., 21; *Benedict* v. *Hall*, 76 N. C., 113; *Price* v. *Cox*, 83 N. C., 261; *Clark* v. *Clark*, 64 N. C., 150; *Ross* v. *Henderson*, 77 N. C., 170; *Allen* v. *Grissom*, 90 N. C., 90, cited and approved).

CIVIL ACTION, heard before *Shepherd, Judge,* at Spring Term, 1884, of NEW HANOVER Superior Court.

The facts appear in the opinion.

The defendants appealed.

*Mr. C. M. Stedman,* for the plaintiff.
*Mr. Geo. Davis,* for the defendants.

SMITH, C. J.   On the 6th day of March, 1883, the plaintiff, a corporation formed and acting under the laws of this State, sued out of the office of the clerk of the Superior Court of New Hanover, a summons returnable to the next ensuing term, against Joseph R. Blossom and Thomas Evans, partners doing business under the firm name of J. R. Blossom & Evans, upon which the sheriff made endorsement of service upon the latter and that Blossom could not be found in his county.   At the same time an affidavit was filed by Isaac Bates, president of the plaintiff bank and acting on its behalf, in which, after averring the corporate

capacity of the bank and his official relation to it, he proceeds to declare "that the defendants are indebted to the plaintiff, in the sum of fourteen thousand five hundred and ninety-nine dollars and ninety cents for money loaned. That the plaintiff is about to commence an action against the said defendants and has issued a summons therein, and that the defendant Joseph R. Blossom is a non-resident of this State, but has property therein, and this court has jurisdiction of the subject-matter of this action."

Thereupon a warrant of attachment issued to the sheriff, and he forthwith levied upon certain lots, as the property of the non-resident defendant, designating them by the number of each and of the block in which they are found in the plan of the city of Wilmington, and made return thereof.

On March 17th, the clerk entered an order for publication, in which, besides reciting the facts contained in the preceding affidavit, he adds after the word "non-resident," "and cannot after due diligence be found in this State." The publication, made pursuant to this order, omitting the designation of the court and the title of the cause, is in this form:

"This is an action brought to recover a debt of fourteen thousand five hundred and ninety-nine dollars and ninety cents ($14,599.90) due by account for money loaned by the plaintiff to the defendants, and a warrant of attachment has issued herein; and it appearing to my satisfaction that the defendant Joseph R. Blossom is a non-resident of this State and cannot, after due diligence, be found therein, and that he has property in this State, and that a cause of action exists against said defendant, and this court has jurisdiction thereof.

"Now, this is to command the said defendant Joseph R. Blossom, to appear at the next term of the Superior Court of New Hanover county, to be held on the 13th Monday after the first Monday in March, A. D. 1883, and answer or demur to the complaint, or judgment will be rendered against him according to law.

S. VAN AMRINGE,

*Clerk of the Superior Court.*"

When the order for this publication was made, no other affidavit than that of March 6th was on file, and that was imperfect in its omission to aver that the non-resident defendant could not, after due diligence, be found in this State, but the order was made in anticipation, and upon the assurance of plaintiff's counsel, that another, without the defect should be put in, as in fact it was put in during the day, to give support to the order for the publication of the summons, as it was sufficient in form to authorize publication of the attachment. This supplemental affidavit has been lost, supposed to have been destroyed by mistake, and been replaced by leave of the court. This second affidavit, of similar general import, and coming from the same officer of the bank, differs from the first, only in substituting the words "has commenced," in place of "is about to commence," and in supplying the omitted averment "that said defendant Joseph R. Blossom cannot, after due diligence, be found in this State."

The order itself recites that it appears from the "affidavit of Isaac Bates, President of the Bank of New Hanover, *which is on file in this cause,* that the defendant Joseph R. Blossom is a non-resident and cannot, after due diligence, be found in this State, and that a cause of action exists against said defendant, and that he has property in this State, and then, omitting any reference to the warrant of attachment, proceeds to direct publication for six weeks in the *"Morning Star,"* commanding said defendant to appear, &c., as in the publication consequent upon the order.

The publication was commenced on the 27th day of March, and continued for five weeks, the last being on the first day of May. The complaint, properly verified, was filed on the 3d day of May.

At the return term of the summons and warrant, the defendant Blossom, by counsel who entered a special appearance for the purpose, moved the court to vacate the attachment and the order directing the issue of the warrant, and also to dismiss the action, while Josiah B. Blossom and James L. Hathaway, claiming the property attached under an assignment made after the levy, pur-

suant to notice given, applied for leave to intervene and assert their title to the lots. At same time the plaintiff asked leave to amend and file another affidavit and for an extension of the time of publication.

The motion of the defendant is based upon an alleged insufficient publication of the summons; that of the assignees rests upon the same ground, and upon the further ground that the lots belonged to an insolvent partnership, and are first to be disposed of in paying the joint debts, while the separate contract of the partners is subordinate, and can only be reached after the joint debts are satisfied. To this end the assignees demand the surrender of the lots to them.

Upon the hearing of their several motions, that of the plaintiff was allowed and ten days were given after the expiration of the term in which to make affidavit and commence a new publication.

The motion to vacate the order of attachment was denied, but the assignees were permitted to inter-plead and set up their own claim to the lots, while they were not allowed to contest the validity of the plaintiff's claim. The question arising out of the alleged insolvency of the debtor firm, and the conflicting rights of the partnership and individual creditors to priority of satisfaction out of the attached estate, was reserved until the hearing. From these adverse rulings the defendant and assignees appealed to this court. The appeal was not considered, but the cause remanded for a more definite finding of facts. *Bank* v. *Blossom*, 89 N. C., 341.

Since that appeal, the cause has proceeded in the Superior Court, a third affidavit filed, similar to that immediately preceding, and publication made under an order so directing, for the required term under the leave obtained of the court. This publication is in the same form as that of March, except that the defendant is notified to appear at the Fall instead of the Spring Term of the Superior Court.

We do not understand the sufficiency of the affidavit first made to authorize the issue of the warrant of attachment, and the publication that followed the order, to be contested by the appellants. While the order separately considered, does not in terms direct notice to be given of the issue of the attachment in the publication to be made of the summons, yet the published order, prepared by the clerk and bearing his official signature, does give notice of the issue of a warrant of attachment, with all the material matters connected with it under the requirements of the statute. It states the names of the parties to the action, and the court in which it is depending, the sum demanded, and how and when due; the time and place, when and where the summons, and so the warrant of attachment which by law is returnable in like manner, is to be returned. The affidavit would have fulfilled all the conditions necessary in a publication of the summons, but for the absence of the single averment to which we have referred, a defect held to be fatal in *Wheeler* v. *Cobb*, 75 N. C., 21, a case following adjudications in other States.

The defect is remedied and the necessary averment found in the affidavit filed on the day of the ordering of the publication, though posterior in time, if it can be made available in sustaining the order. We are not prepared to deny any efficacy to the concurrent and supporting oath, merely for the reason that it followed, when it ought to have preceded by a short space, the entering of the order, when the order remained, and was intended to remain, wholly inactive in the office, in abeyance it may be said, awaiting the promised affidavit. When it was filed, it gave vitality to that which possessed none before, and the clerk may be regarded as *then* exercising his authority, and renewing or in legal effect *making* the order. Such seems to have been the course pursued by the clerk, for he distinctly says that it appears from the affidavit of the president of the bank, "which is on file in this office," that the non-resident "cannot, after due diligence, be found in this State," an averment not in the first,

but in the second affidavit, and indicating clearly his intention that it should operate only when the affidavit was put in and would make the recital true, and not until this was done. In this view the order was *prepared* before, but in a legal sense *made*, after the affidavit, and then became an operative judicial act.

But the determination of the relation between them is not important, since the publication, regular or irregular, was continued for a shorter period than that prescribed by law and directed in the order, so as to be ineffectual in giving notice of the summons, while it may be sufficient as notice of attachment, which requires but four weeks. While the statute directs a single publication when the issue of the summons and the warrant are contemporaneous, and to assure both purposes, must be extended over six weeks, we do not see why, as the separate publication of the attachment is for the shorter period, the common publication may not suffice for this, while it would not answer for the other. *The Code*, sec. 352.

Assuming the publication and the affidavit for the order sufficient to sustain the attachment, the judge extended, if he had the right to do so, the time for publication of the summons. This last affidavit is in the form of that lost and restored, and the order fails as did the other, to direct notice to be inserted of the attachment, while both publications give such notice. Two questions are presented in the appeal whose solution seems to dispose of the entire controversy and these are:

I. Has the court power to allow a new, after an attempted ineffectual publication, and thus retain the cause in court.

II. Is the absence of a requirement in the order that it shall give notice of the attachment, while such notice is in fact given in the order as executed, an incurable and fatal defect?

The current of judicial decision is in the direction of requiring the strictest observance of all the provisions of law authorizing a proceeding by attachment, and we are disposed to uphold the law in its integrity, and dispense with none of its material conditions. But we regard this, and other statutes providing a civil remedy

against a debtor or wrong-doer, in the spirit of the new practice as facilitating the means of access to his property, and to be fairly and reasonably construed in furtherance of the remedy it gives.

Thus an imperfect affidavit upon which an attachment issued, was aided by affidavits introduced upon motion to vacate, and omitted essential parts thus supplied to sustain it, in *Clark* v. *Clark*, 64 N. C., 150. In like manner, was remedied a defective affidavit for an arrest in *Benedict* v. *Hall*, 76 N. C., 113.

In *Price* v. *Cox*, 83 N. C., 261, an exception was taken to the order of publication and to the affidavit on which it was founded, to remove which, the court gave leave to the plaintiff to proceed with a new publication, and upon an appeal, the ruling was upheld as within the power of the Court, and as a proper exercise of judicial discretion.

Why should it not be so? The purpose of publication is to give notice of the proceeding to the absent defendant, and if the plaintiff has made one ineffectual effort to give it, we see no adequate reason why, upon cause shown, the Court, in the exercise of the liberal power of amendment conferred, may not allow a second and correct publication to be made, that shall conform to the law. An alias summons, and others in succession, may be sued out as of right; why may not a substituted publication be permitted on application to the Judge in furtherance of the object of the section?

It is a singular coincidence that the defendants' counsel makes a special appearance, as he may do according to the rules of practice, and comes into court to complain of the disregard of some technical provision necessary to give him *legal notice* of what his presence and motion show he already in fact knows, and then complains that the plaintiff is permitted to proceed and give him that legal notice.

Equally competent, in our opinion, was the Court to allow the amendment of the order of publication, if it was necessary, so as to insert a requirement that notice be given of the attachment. The plaintiff was not in fault in this particular, but the omission

was an oversight of the officer, and it was corrected in the order as published. Indeed, the publication purports to be, and in form is, not the execution of the order as addressed to some one else to perform, but the order itself, judicially authenticated as such. It might be different if the order was to be carried into effect by the sheriff; and yet, in this case, in the language of a recent author, "such *order* may be published as the notice, if it is full enough to convey notice and is addressed to the defendant by the sheriff," and he adds: "when no special form of words is prescribed by the statute, it will be sufficient, if the defendant is addressed through the notice, and told of the suit pending against him, of the attachment of his property, or the order for its attachment, and of the time within which he must appear, the court, the name of the plaintiff, the demand, the grounds," &c. *Waples on Attachment,* 268.

But if the order, as distinct from that published, required the reference to the attachment, and was insufficient without, it was surely in the power of the Court to amend so as to make it conform to what it was understood to mean, as expressed in the publication pursuant to it.

We have not adverted to other objections of the appellant, since they are met and obviated in the last publication, and our ruling that this re-publication may be authorized.

We are not required to express an opinion upon the reserved matter, as it will more appropriately come up on the final hearing. We will, in this connection, simply refer to the cases of *Ross* v. *Henderson,* 77 N. C., 170, and *Allen* v. *Grissom,* 90 N. C., 90, with the remark that the plaintiff is presenting a demand against both partners for a partnership debt, and the adjustment of its and the assignees' claims to the property, may properly be left, as has been done by the Judge, to a future adjudication.

There is no error. Let this be certified, that the action may proceed in the court below.

No error.                                              Affirmed.