W. J. LeDUC, receiver, v. A. H. SLOCOMB.

(Decided April 4, 1899).

*Notice—Judgment—Motion ·to Set Aside.*

1. Parties to an action, when brought in, must take notice of all orders and judgments made therein.
2. A motion to set aside a judgment must be based upon evidence of a meritorious defence if the judgment should be set aside, and should be made before the rights of innocent third parties intervene.

Motion to set aside judgment, heard before *Bynum, J.,* at November Term, 1898, of Cumberland Superior Court. Motion disallowed, and defendant appealed. The facts found by his Honor are stated in the opinion.

*Mr. H. L. Cook,* for defendant (appellant).
*Messrs. N. W. Ray* and *N. A. Sinclair,* for plaintiff.

Faircloth, C. J. The law of this case must be applicable to the following facts: This cause coming to be heard, upon motion of defendant, Slocomb, to set aside the judgment obtained in the action, the matter being heard upon affidavits submitted by both sides, the Court finds the following facts:

1. That summons issued, returnable to the January Term, 1891, of the Superior Court of said county, on the 11th day of December, 1890, and was duly served on December 15th, 1890.

2. The action was brought upon a note for $390, dated March 15, 1889, due thirty days after date, with interest at eight per cent from maturity, signed by A. H. Slocomb, E. F. Moore, Thomas McDaniel, G. Rosenthal and D. Rose, administrator of Murphy, deceased.

3. That shortly after the service of the summons, to-wit:

December 20, 1890, and before the commencement of the Court to which it was returnable and before the plaintiff bank went into the hands of the receiver as hereinafter stated, the defendants A. H. Slocomb and G. Rosenthal paid to the plaintiff bank $221.38 as their proportionate part of the note upon the understanding at the time of the payment that the bank would not take judgment in the case as to them at the term of the Court to which it was returnable; that said agreement was made with and assented to by F. W. Thornton, president of the bank, and G. P. McNeill, its cashier, in the presence of its attorney, Thos. H. Sutton, who had charge of the case, and the said attorney, in the presence of said parties, drew a certain paper writing, or bond, embodying the terms of the said agreement, as follows, to-wit: "I, A. H. Slocomb, hereby bind myself unto the People's National Bank, in the sum of $300 for the payment to them of the balance of the judgment to be obtained in the suit against myself, G. Rosenthal, Lucy McDaniel, administratrix of Thos. McDaniel, and D. Rose, administrator of David Murphy, deceased, now pending in the Superior Court of Cumberland county. The purpose and condition of this bond is that said bank will not take judgment against said A. H. Slocomb and G. Rosenthal on the $390 in suit, and if they shall fail collecting out of the other parties the amount due by them, the said A. H. Slocomb is responsible for the balance. This is done upon the said A. H. Slocomb and G. Rosenthal paying an amount which would be their proportionate share in the event that the other parties are solvent, and if the said bank shall find it necessary to pursue said A. H. Slocomb and G. Rosenthal further in the collection of the balance, then this amount, $221.38, is to be credited upon the judgment *vs.* claim.

"(Signed,          A. H. Slocomb.

"Witness:

"(Signed) D. D. Haigh."

4. That upon the payment of the amount aforesaid and the signing of said bond the said president and cashier instructed the attorney, Thos. H. Sutton, to nonsuit said case as to said Slocomb and G. Rosenthal, and he promised Slocomb that he would do so, and said officers promised Slocomb that said case should be so nonsuited as they agreed to do.

5. That notwithstanding said agreement, at the May term, 1891, of said Court, judgment was entered against Slocomb and the others for the entire amount of the note without the credit even of the amount paid as alleged.

6. That said Slocomb did not learn or actually know that said judgment was rendered against him until a long time after it was taken, namely in July, 1893; did not know that said judgment was still standing against him, and he caused notice of a motion to be made at November Term, 1896, of this Court to be served upon said Ray, the purchaser of the judgment, that he would move that said judgment be set aside upon the ground that it was rendered through mistake, inadvertence, excusable neglect and in the face of an agreement on the part of the plaintiff that judgment would not be taken but the case nonsuited, at first term, upon the ground set out in the bond or agreement signed by said Slocomb to said bank, a copy of said bond being attached to said Slocomb's affidavits on file in the hearing of this motion.

7. That the notice of motion for leave to issue execution before the Clerk was continued by him to the said November Court and by the Judge thereof from time to time.

8. That after the issuing of the summons the plaintiff bank was placed in charge of W. G. LeDuc, Receiver, by the Comptroller of the Currency, and said Slocomb, after learning that at the return term that judgment was rendered against him, a short time before the sale of assets and purchase by N. W. Ray, went to said receiver and he promised that said judg-

ment should not remain against him, but that said agreement would be carried out as far as possible by cancellation of the judgment as to him.

9. That at the sale of the assets of the bank by the receiver the said judgment on the $390 note executed by Slocomb and others was purchased by N. W. Ray for value without notice of any agreement or understanding between the bank and Slocomb or the receiver and Slocomb, and the said judgment was duly transferred and assigned to said Ray, who is now the owner thereof.

10. That the defendant Slocomb has shown no meritorious defence to the action on the said note.

11. That the bank did not pursue its remedies by seeking to collect the balance of the note or judgment out of the other defendants.

Upon the foregoing facts the Court refuses the motion to set aside the said judgment because (1) there was no mistake or excusable neglect in the taking of said judgment; (2) because even if there had been an agreement between the bank and Slocomb that the bank would nonsuit the case as to him, the purchaser of this judgment is not affected by any such agreement; (3) the application to set aside said judgment is not made in due time.

Leave to issue execution is granted. The defendant Slocomb excepts to this judgment and appeals to the Supreme Court. The facts found by the Court and the judgment shall constitute the case on appeal.

(Signed)        W. P. Bynum, Jr., J. S. C.

Parties to an action, when brought in, must take notice of all orders and judgments made therein, and this case is an illustration of the consequence of failure to attend and take actual notice of the proceedings.

The defendant failed to answer the complaint, and judg-

LeDuc *v.* Slocomb.

ment final by default was entered. The judgment is regular in all respects and has no infirmity in it. The defendant had a private written agreement with the bank that no judgment should be entered at that term of the Court. This agreement was not filed or brought to the attention of the Court. There was then only a breach of said contract, which in no way affects the regularity of the judgment. The defendant has no equitable ground for his motion to set the judgment aside, because it is admitted the defendant owed and was liable for the debt and that the judgment was entered for the true amount, and the plaintiff agrees to credit the judgment with the amount ·paid by the defendant, before judgment. There was then no equity to follow the judgment into the hands of the assignee or purchaser of the judgment, who took it without notice of said agreement between the original parties.

There is another ground fatal to the defendant's motion, that he does not in his affidavit or otherwise allege that he has any meritorious defence to the action if the judgment should be set aside. The mover in such cases must at least set forth a case amounting *prima facie* to a valid defence, to be determined by the Court and not by the party. *Mauney v. Gidney,* 88 N. C., 200. The party aggrieved must move to vacate a judgment before the rights of innocent third parties have intervened. *Vick v. Pope,* 81 N. C., 22.

The same principle is declared and the subject discussed at length by *Merrimon, J.,* in *Stancell v. Gay,* 92 N. C., 155.

No error. Affirmed.