SOPHIA BEESON v. DANIEL SMITH.

(Filed 19 November, 1908).

1. Deeds and Conveyances—Undue Influence of Third Persons— Relief Granted.

If a deed is procured by the fraud or undue influence of one acting as agent of the grantee therein; or if the grantee in such deed was a volunteer or bought with notice of the wrong done, or of facts sufficient to put a man of average business prudence on inquiry that would lead to knowledge, the grantor is entitled to adequate and proper relief.

2. Same—Instructions.

In an action to set aside a deed to lands alleged to have been procured by fraud or undue influence, there was evidence tending to show, that the defendant (grantee) and plaintiff (grantor) were brother and sister, and the latter executed to the former a deed reciting a valuable consideration of $10, with stipulations that he was to take care of her, look after her affairs during life and provide a suitable burial for her body at her death; that in return for this service he was to have and own all of her personal property owned at the time of her death; that she was not of sufficient mental capacity to make the deed, and that it was procured by fraud and undue influence of a nephew by marriage, who had for some time previous lived on her land. *Held,* it was error in the trial Judge to charge the jury, in effect, that for the sister, the plaintiff, to recover, she must establish, by proper proof, that the execution of the instrument in question had been procured by the fraud or undue influence of the defendant, or that the defendant was a party to it.

ACTION, heard before *Webb, J.;* and a jury, July Term, 1908, of RANDOLPH, to set aside a deed and a written contract

on the ground of mental incapacity, and fraud, and undue influence.

The deed from plaintiff to defendant, who was brother to plaintiff, conveyed to defendant the plaintiff's land, recited a valuable consideration of $10, and contained a stipulation, in effect, that, during the life of the grantor, the land conveyed was to be occupied by the grantee and his heirs as tenants, paying to the grantor one-third of the crop as rent, etc.; and the contract was to the effect, that the defendant Daniel Smith was to look after the personal interests of Sophia Beeson, and see that she was taken care of during her life and provide her a suitable burial on her death, and, that for this service, the defendant was to have and own all the "personal property and belongings" of said plaintiff which she should leave at her death, etc.

There was evidence on the part of plaintiff tending to show mental incapacity in the grantor at the time of the execution of these instruments, and that the same were procured by fraud and undue influence on the part of defendant and of one Dave Ferree, who had married a niece of plaintiff and defendant, and had for some time previous lived on plaintiff's land. Issues were submitted and responded to by the jury, as follows:

"1. Did the plaintiff have sufficient mental capacity to make and execute the deed and contract set out in the complaint on 25 January, 1905? Answer: 'Yes.'

"2. Was the deed and contract described in the complaint obtained by fraud and undue influence? Answer: 'No.'

"3. Was the plaintiff induced to execute said deed and contract by false and fraudulent representations of the defendant, or by any one for him? Answer: 'No.' "

Among other things, and on the second and third issues, the Court charged the jury as follows:

"If the jury should find to their satisfaction, from the evidence, that David Ferree, or any other person, exerted an

undue influence over the plaintiff or perpetrated a fraud upon her, or made false representation to her in order to get her to sign the deed and contract in controversy, this would not be sufficient ground for answering the second and third issues, 'Yes,' unless the plaintiff has proven to your satisfaction that the same was procured to be done by the defendant, or that he was a party to it."

The plaintiff excepted. There was judgment on the verdict for defendant, and the plaintiff excepted and appealed.

*Morehead & Sapp* for plaintiff.
*Hammer & Spence* for defendant.

HOKE, J., after stating the case: The authorities of this State are to the effect, that the deeds and contracts of insane persons, certainly when there is no formal adjudication of their insanity in force at the time, are voidable, and not necessarily void; and the same is true of deeds procured by undue influence or fraud in the treaty or bargain. In actions brought for the purpose, Courts, on established principles of equity, may set them aside altogether, or only *sub modo,* and administer the relief that right and justice may require.

In the case of insane persons, and the relief to be afforded under certain conditions, an instructive case will be found in *Sprinkle v. Wellborn,* 140 N. C., 163, and other decisions in this State are in accord with that well considered opinion. *Chamblee v. Broughton,* 120 N. C., 170; *Odom v. Riddick,* 104 N. C., 515; *Riggan v. Green,* 80 N. C., 237; *Carr v. Holliday,* 21 N. C., 344.

In the case of deeds procured by fraud in the treaty, or undue influence, which is held to partake of the nature of fraud (*Myatt v. Myatt,* at the present term) Courts are more disposed to set the instruments aside, but, even in these cases, such a decree is not always or necessarily required, but such relief will be given as the merits of the case may require. And this appropriate relief will be afforded, not only against

the principal, where he is grantee in the deed, but also against
persons who were or have become beneficiaries of the fraud,
when they are volunteers or purchasers with notice, or when
the deeds have been procured by the fraud or undue influence
of one who is acting in the transaction as agent of grantee.
*Squires v. Riggs,* 4 N. C., 253; *Derr v. Dellinger,* 75 N. C.,
300; *Hariss v. Delamar,* 38 N. C., 319; *Huguenin v. Basely,*
14 Ves., 273; *Corbett v. Clute,* 137 N. C., 546; *Black v. Bay-
lees,* 86 N. C., 527.

In *Huguenin's Case, supra,* in entering a decree setting
aside a deed under which third parties, to-wit, the wife and
children of the defendant, as volunteers, had acquired an
interest, the Chancellor said:

"With regard to the interests of the wife and children of
the defendant, there was no personal interference upon their
part in the transactions, that have produced this suit. If,
therefore, their estates are to be taken from them, that relief
must be given with reference to the conduct of other persons;
and I should regret that any doubt could be entertained,
whether it is not competent to a court of equity to take away
from third persons the benefits which they have derived from
the fraud, imposition, or undue influence of others." And
in the same opinion, he quotes with approval the words of
*Chief Justice Wilmot,* in a similar case, as follows: "There
is no pretense, that Green's brother or his wife was party to
any imposition, or had any due or undue influence over the
plaintiff; but does it follow from thence that they must keep
the money? No; whoever receives it must take it tainted
and infected with the undue influence and imposition of the
person procuring the gift; his partitioning and cantoning it
out amongst his relations and friends will not purify the gift,
and protect it against the equity of the person imposed upon.
Let the hand receiving it be ever so chaste, yet if it comes
through a polluted channel, the obligation of restitution will
follow it."

149—10

And like decision was made in our own Court, *Hariss v. Delamar, supra,* in which it was held: "That an instrument obtained by fraud and imposition on the part of a father, in behalf of his infant children, must be set aside in equity."

And in *Corbett v. Clute,* 137 N. C., at p. 551, being a case where an instrument had been procured by the misconduct of an agent, the Court said: "It will not be contended that the plaintiff is not bound by the statements of his agent. He is here now, asserting his claims under the note and mortgage obtained for him by this transaction, and if he claims the benefits he must accept the responsibility." Citing *Hariss v. Delamar,* and *Black v. Baylees, supra.*

The correct application of these principles will show that there was error in the portion of his Honor's charge excepted to by plaintiff, and that he should not have restricted the defendant's liability by directing the jury, in effect, "that they could not render a verdict for plaintiff on the second and third issues, unless it was established by proper proof that the execution of the instruments in question had been procured by the fraud or undue influence of the defendant, or that said defendant was a party to it." For, as indicated in these decisions, if these instruments were procured by the fraud or undue influence of one acting as agent of the defendant, the grantee in the deed; or if the defendant was a volunteer or bought with notice of the wrong done the plaintiff, if such wrong was done, or of facts sufficient to put a man of average business prudence on inquiry that would lead to knowledge, in either event, the plaintiff would be entitled to adequate and proper relief.

We are of opinion that there was error committed to plaintiff's prejudice, and that there should be a new trial on all the issues. It is so ordered.

New trial.