HYATT & CO. v. GEORGE W. CLARK ET AL. ·

(Filed 24 May, 1915.)

1. **Judgments—Vendor and Vendee—Goods Sold and Delivered—Pleadings—Allegations—Implied Promise to Pay—Default Final.**

   Upon allegations of a complaint of goods sold and delivered to the defendant in accordance with an attached itemized statement showing dates, kind, quantity, and price, alleging the prices were known to defendant at the time of purchase, a judgment final in the amount stated may be entered for the want of an answer, there being an implied promise to pay the stated price; and an inquiry not being required.

2. **Judgments, Set Aside—Meritorious Defense—Excusable Neglect—Findings—Appeal and Error.**

   A judgment by default of an answer should not be set aside unless it appears that the defendant has a meritorious or valid defense and excusable neglect is shown by him; and the findings of fact thereon by the trial judge is conclusive on appeal.

APPEAL by defendant from *Justice, J.,* at July Term, 1914, of HAYWOOD.

This is a motion to set aside a judgment by default final, rendered in the Superior Court of Haywood County. His Honor refused to set aside the judgment, and the defendant appealed.

*Morgan & Ward, John M. Queen for plaintiff.*
*J. W. Ferguson, M. Silver for defendant.*

BROWN, J. The complaint alleges that the plaintiffs were doing business as Hyatt & Co., a copartnership, and engaged in the livery business and the sale of feedstuffs for animals; that the defendants were partners, doing a general logging business; that the plaintiff sold and delivered to the above named defendants, and at their request, certain amounts of feed and feedstuff, and furnished feed for the said defendants herein named for their stock, and furnished the said defendants certain conveyances at the request of the said defendants, at the times and for the prices set forth, as is set out in the itemized statement hereto attached and marked Exhibit "A," which itemized statement and amounts are made a part of this complaint; that the defendants have failed to pay the plaintiffs for the said feed, feedstuff, and livery so furnished them by the plaintiff.

The defendants failing to answer the said complaint at July Term, 1914, the court rendered judgment final by default for the sum of $350.53, according to the itemized statement attached to the complaint. It is contended by the defendant appellant S. M. Smith that the said judgment is irregular, and only a judgment by default and inquiry could have been rendered.

While the language of the complaint is somewhat doubtful as to its meaning, we are of opinion that it is fairly susceptible of the construction that the feedstuff and merchandise were sold and delivered at the prices set forth, and that these prices were known to the defendant at the time of the purchase, and that there was an implied promise to pay the same. Upon the same principle, where a customer goes into a merchant's store, ascertains the price of certain goods, and takes them, there is an implied promise upon the part of the customer to pay that price. *Hartman v. Farior*, 95 N. C., 177.

This case is easily distinguished from *Witt v. Long*, 93 N. C., 391. In that case there was no allegation in the complaint that the goods were sold at certain prices, and there was no schedule of the prices attached to the complaint at which the goods were sold. In that case the sum to be paid was not fixed by the terms of the contract, and it could not be implied from it, nor could the same be ascertained from the complaint by computation, because there was no allegation of a fixed price at which the goods had been sold. *Currie v. Mining Co.*, 157 N. C., 220.

But even if the allegations of the complaint had not been sufficient for judgment by default final, and the judgment by default final was irregular, his Honor was correct in not setting aside the judgment, because the defendant has no meritorious or valid defense, and did not show any excusable neglect, as was found by his Honor in the judgment and findings of fact, and these findings of fact are conclusive. *Jeffries v. Aaron*, 120 N. C., 167; *Mauney v. Gidney*, 88 N. C., 200; *Osborn v. Leach*, 133 N. C., 427; *Pierce v. Eller*, 167 N. C., 672; *Marsh v. Griffin*, 123 N. C., 669; *Dell School v. Pierce*, 163 N. C., 424; *Norton v. McLaurin*, 125 N. C., 185.

In *Jeffries v. Aaron*, 120 N. C., 169, the Court held that "Although there was irregularity in entering the judgment, yet unless the Court can now see reasonably that the defendant had a good defense, or that they could now make a defense that would affect a judgment, why should it engage in the vain work of setting the judgment aside now, and then be called upon soon thereafter to render just such another between the same parties?"

The judgment is

Affirmed.