WALKER, J., concurring.
The court found the facts and rendered judgment as follows:
"1. That the defendants were personally served with process by the sheriff of Surry County and that they were represented in the litigation by Watson, Buxton Watson as counsel, who filed answer in their behalf to the complaint of the plaintiff.
"2. That when the case was called for trial in the Superior Court of Forsyth County, C. B. Watson, of counsel for the defendants, in the presence of the defendant J. C. Bass stated in open court that if plaintiff would waive the charge of fraudulent misappropriation of the moneys and property of the plaintiff, as alleged in the complaint, that the defendants would agree to allow judgment to be entered for the amount of the debt as alleged in the complaint; that plaintiff accepted this proposition and judgment was entered as appears of record.
"2 1/2. That defendant Adams was not present when judgment was taken, and there is no sufficient evidence that he agreed to same or had any notice that said judgment had been taken until the fall of 1917. That the defendant Bass was the active manager of the defense and consented to said judgment, and in no view of the case was there any fraud in procuring said judgment. The court further finds that said debt has not been paid off and discharged before judgment was entered, as the court is satisfied from the high character and ability of counsel representing defendants that they would have permitted judgment upon a discharged debt to be taken against their client.
(428) "3. That the judgment as appears of record was prepared by C. B. Watson, of counsel for defendants, and was signed in open court by his honor Judge B. F. Long, who was the judge presiding at May Term 1910 of the Superior Court of Forsyth County. *Page 455 
"4. That said judgment in June, 1910, was transcripted and docketed in the Superior Court of Surry County, and that execution was issued thereon in July, 1910.
"5. That since the entry of said judgment and prior to the filing of the motion in this cause by the defendants both C. B. Watson and J. C. Buxton have died.
"6. That subsequent to the entry of this judgment and the transcripting of same to the Superior Court docket of Surry County all of the property and effects of the Southern Chemical Company, including this judgment, was purchased by the Virginia-Carolina Chemical Company without notice of any of the things alleged by the defendants in this motion, and this company is now the holder and owner of said judgment for value; that the Southern Chemical Company has been dissolved and its assets have been distributed amongst its stockholders and it is no longer in business.
"Upon the foregoing findings of fact, and upon motion of Louis M. Swink and Manly, Hendren Womble, attorneys for the Virginia-Carolina Chemical Company, it is ordered and adjudged that this motion be dismissed and that the defendants be taxed with the costs by the clerk of this court."
The defendants appealed.
It follows as a matter of course that the judgment cannot be set aside as to defendant Bass, as he was present in court and personally consented to it.
We are also of opinion that the court properly refused to set it aside as to Adams.
1. Adams and Bass were copartners and had employed most reputable counsel to conduct their defense. The copartner Bass was entrusted by the firm with the management of the action. The complaint alleged a cause of action in contract, a simple indebtedness, and another cause of action in tort, embezzlement and willful misappropriation of plaintiff's property by the copartnership.
When the case was called for trial the counsel for defendants permitted judgment to be entered for the debt, the allegation of embezzlement having been withdrawn. The managing partner being present in court, consented to this.
It was well within the scope of counsel's authority to consent (429) to such a disposition of the case in their client's interest. *Page 456 
Doubtless those experienced attorneys felt they could successfully meet the charge of embezzlement, but could not defeat the debt. Hairston v. Garwood,123 N.C. 345.
But consenting to the judgment was not really the act of counsel, but that of the managing partner, who was present directing their action and that is binding on Adams.
2. The burden of proof was on Adams to satisfy the judge that he did not consent to the judgment, and he has failed to offer sufficient evidence.
The law presumes the attorneys had the necessary authority and the burden is on the party seeking to set aside a consent judgment to prove that no such authority existed. Gardiner v. May, 172 N.C. 192.
3. The defendants have been guilty of great laches in making their motion. The judgment was rendered in May, 1910. This summons was served personally on both partners. It is claimed by Adams that he did not know of the rendition of the judgment until 1917. He knew of the pendency of the action and that his partner was supervising and attending to its defense. He is guilty of laches in not inquiring as to its disposition. He is charged with such knowledge as an inquiry would have disclosed. He cannot be permitted to wait nearly eight years and then say that he did not know that his suit had ended in a judgment against him. Besides as his partner was acting for the firm, he is charged with such knowledge as his partner had.
Affirmed.