R. G. OWENS AND A. G. MANESS v. LONNIE VONCANNON AND WIFE,
DORIS VONCANNON, LEONARD VONCANNON
AND ALMA S. BROWN.

(Filed 16 December, 1959.)

1. Judgments § 8—

A judgment by consent is the agreement of the parties entered upon the record with the sanction of the court, and the power of the court to sign such judgment depends upon the unqualified consent of the parties thereto at that time.

2. Judgments § 25—

Where the agreement of the parties to a consent judgment is signed by the attorneys of record it is presumed valid and is not void upon its face, and the burden is upon the party attacking its validity to prove want of consent and that the attorney signing it for her had no authority to consent thereto in her behalf.

3. Same—

A party is bound by a consent judgment assented to by her duly authorized attorney, but if such party did not assent to the judgment and did not authorize the attorney either directly or through her agent to assent to the judgment in her behalf, the consent judgment is void as to her and she is entitled to have it set aside without showing a meritorious defense.

4. Judgments § 22—

If a consent judgment is set aside as to one of the defendants as being void as to her for want of authority of the attorney representing the other defendants to represent movant and file answer and consent to the judgment in her behalf, whether the court should permit such party to file answer after the expiration of the time prescribed is addressed to the discretion of the court, and it may properly consider whether such party's failure to file answer may be properly attributed to excusable neglect and whether she has a meritorious defense.

5. Appeal and Error § 49—

Where the findings of fact by the court are insufficient to support its order, or it is apparent that the facts were found under misapprehension of the pertinent principles of law, the cause must be remanded for further proceedings.

PARKER, J., concurring.

RODMAN. J., dissenting.

APPEAL by defendant Alma S. Brown from *Thompson, Special J.*, May Term, 1959, of RANDOLPH, docketed in this Court as No. 524.

This appeal is from a judgment denying appellant's motion of May 19, 1959, in which she prayed (1) that a judgment entered

herein on November 25, 1957, be vacated, (2) that proceedings under an execution issued January 15, 1959, to enforce payment of said judgment by the sale of her property, be stayed, (3) that the court order the clerk to accept and file an answer tendered in her behalf on March 10, 1959, and (4) that the cause be placed on the civil issue docket for trial.

An appeal from a judgment entered in the independent action entitled *"Alma S. Brown, Plaintiff, v. R. G. Owens and A. G. Maness, Defendants,"* is docketed in this Court as No. 525; and the two appeals were argued together in this Court.

Plaintiffs instituted this action May 4, 1957, to recover on a $2,000.00 promissory note dated October 15, 1956, payable to their order "six months or 180 days after date," allegedly executed by defendants Lonnie Voncannon and Doris Voncannon, as makers, and by defendants Leonard Voncannon and Alma S. Brown, as endorsers.

The summons and complaint were duly served on the defendants, including defendant Alma S. Brown, on May 4, 1957.

On June 3, 1957, the clerk granted the defendants (additional) twenty days in which to answer, demur or otherwise plead.

An answer, signed by Sam W. Miller, "Attorney for Defendants," and verified by defendant Lonnie Voncannon on June 24, 1957, purporting to be in behalf of all defendants, was filed. It was admitted therein "that the defendants Lonnie Voncannon and wife, Doris Voncannon, executed and delivered a promissory note to the plaintiffs." With reference to plaintiffs' specific allegation that the $2,-000.00 promissory note was endorsed by defendants Leonard Voncannon and Alma S. Brown, the answer was in these words: "3. The defendants, not having full knowledge that the allegations of paragraph 3 are as alleged, therefore deny the same." Except as stated, there was a general denial of all essential allegations of the complaint.

On November 25, 1957, when the cause came on for trial before F. Donald Phillips, Judge presiding, judgment was entered "that the plaintiffs have and recover of the defendants, jointly and severally, the sum of Two Thousand Dollars," with interest and costs. The judgment recites: ". . . and it appearing to the Court that the defendants do not resist judgment in the matter, and, through counsel, agree that judgment may be entered as prayed for in the complaint." Sam W. Miller, "Attorney for Defendants," consented in writing to the entry of said judgment.

The factual allegations in appellant's verified motion of May 19, 1959, are, in substance, as set forth in the following numbered paragraphs.

1.  Execution to enforce payment of said judgment was issued January 15, 1959. Appellant owns real and personal property subject to sale under execution and the Sheriff of Randolph County has taken steps to sell her property.

2.  Appellant instituted an independant action against plaintiffs herein to enjoin proceedings under said execution; but at April Civil Term, 1959, a demurrer to her complaint therein was sustained and the temporary restraining order was dissolved. She appealed from the judgment entered in said independent action.

3.  She did not retain Sam W. Miller, Attorney at Law, of Asheboro, North Carolina, to represent her. She has never consented that a judgment be taken against her.

4.  On March 10, 1959, Don Davis, her attorney, tendered an answer in her behalf to the Clerk of the Superior Court of Randolph County for filing; but said clerk, because said judgment had been entered, refused to accept for filing said tendered answer. A copy of the verified answer so tendered is attached to her motion.

She averred that no valid judgment had been rendered against her.

The judgment denying appellant's said motion of May 19, 1959, is based on the findings of fact set forth therein, viz.:

    "(a)   This action was commenced upon the issuance of a summons which was served upon this moving defendant on May 4, 1957;

    "(b)   An answer was filed on her behalf by her counsel of record and she left the matter of defense up to her son-in-law Lonnie Voncannon, one of the defendants herein;

    "(c)   A judgment in said cause was duly entered on November 25, 1957, by his Honor F. Donald Phillips, Judge Presiding, and consented to by the defendant's attorney of record;

    "(d)   More than one year has elapsed from the entry of said judgment to the date of the notice and motion now before the Court;

    "(e)   The moving defendant has not established the existence of mistake, inadvertence, surprise or excusable neglect;

    "(f)   No meritorious defense to said cause exists in favor of the defendant."

Appellant excepted to findings of fact (b), (c), (e) and (f), and excepted to the judgment, and appealed.

*Miller & Beck for plaintiffs, appellees.*
*Don Davis and Ottway Burton for defendant Alma S. Brown, appellant.*

BOBBITT, J.    There is no controversy as to what Sam W. Miller did as appellant's purported "attorney of record." Appellant's motion presented for determination these questions of fact: 1. Did she, directly or through Lonnie Voncannon, authorize Sam W. Miller to file answer in her behalf? 2. If so, did she, directly or through Lonnie Voncannon, authorize Mr. Miller to consent to the judgment of November 25, 1957?  As to burden of proof, see *Gardiner v. May,* 172 N.C. 192, 89 S.E. 955. In our view, the determinative questions of fact are not sufficiently answered by the court's findings.

If appellant, directly or through Lonnie Voncannon, authorized Mr. Miller to file the answer of June 24, 1957, the case, as to appellant, was for trial on November 25, 1957, on the issues raised by the answer filed by Mr. Miller in her behalf. If, under these circumstances, she did not authorize Mr. Miller, directly or through Lonnie Voncannon, to consent to said judgment of November 25, 1957, the judgment, as to her, is *void*; and, if void, she was not required, as a prerequisite to having it set aside, to show that she had a meritorious defense.

"The power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto; and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment." *King v. King,* 225 N.C. 639, 641, 35 S.E. 2d 893. Moreover, when a purported consent judgment is void because the consent is by an attorney who has no authority to consent thereto, the party for whom the attorney purported to act is not required to show a meritorious defense in order to vacate such void judgment. *Bath v. Norman,* 226 N.C. 502, 505, 39 S.E. 2d 363, and cases cited.

True, a judgment bearing the consent of a party's attorney of record is not void on its face. Indeed, it is presumed to be valid; and the burden of proof is on the party who challenges its invalidity. *Gardiner v. May, supra.* But if and when, absent ratification by the party, the court finds as a fact that the attorney had no authority to consent thereto, the essential element upon which its validity depends is destroyed.

"A judgment by consent is the agreement of the parties, their decree, entered upon the record with the sanction of the court. (Citation) It is not a judicial determination of the rights of the parties and *does not purport to represent the judgment of the court,* but merely records the pre-existing agreement of the parties." (Our italics) *McRary v. McRary,* 228 N.C. 714, 719, 47 S.E. 2d 27, and cases cited. Whether plaintiffs were, on November 25, 1957, or are now, entitled

to judgment, is beside the point. The question is whether the judgment of November 25, 1957, is valid *as a consent judgment*.

If appellant did not, directly or through Lonnie Voncannon, authorize Mr. Miller to file the answer of June 24, 1957, no answer was filed or tendered in her behalf until March 10, 1959. In such case, absent her consent thereto, the judgment of November 25, 1957, as to her, is void; but, under these circumstances, the court, in determining whether in the exercise of its discretion it will permit appellant to file belatedly the answer tendered in her behalf on March 10, 1959, and thereby obviate plaintiffs' right to judgment by default, will take into consideration whether her failure to file answer within the time prescribed by statute (G.S. 1-89, G.S. 1-125) may be properly attributed to excusable neglect and whether she has a meritorious defense.

Of course, if appellant, directly or through Lonnie Voncannon, authorized Mr. Miller (1) to file answer in her behalf and (2) to consent to said judgment of November 25, 1957, appellant's motion to set aside the judgment of November 25, 1957, should be denied.

Where rulings are made under a misapprehension of the pertinent principles of law, the practice is to vacate such rulings and remand the cause for further proceedings. *Calaway v. Harris*, 229 N.C. 117, 47 S.E. 2d 796; *Youngblood v. Bright*, 243 N.C. 599, 91 S.E. 2d 559, and cases cited.

Because of the insufficiency of the findings of fact and the apparent misapprehension of the pertinent principles of law, the judgment, including all findings of fact set forth therein, is vacated; and the cause is remanded for hearing *de novo* on appellant's said motion in accordance with the legal principles stated herein.

Judgment vacated and cause remanded.

PARKER, J., concurring in the majority opinion. This is an appellate Court, and our duty is to review alleged errors of the trial court. *Greene v. Spivey*, 236 N.C. 435, 73 S.E. 2d 488; Art. IV, Section 8, of the North Carolina Constitution.

"This Court cannot find the facts: it has no authority to do so. In such a case, it is the duty of the Superior Court to find the facts upon which its orders and judgments rest, and to set them forth in the record. This is necessary to the orderly course of procedure." *Bank v. Blossom*, 89 N.C. 341.

When the motion was heard by Judge Thompson, movent was the only witness: no other evidence was offered. Her testimony was to the effect that she never authorized Sam W. Miller to consent to the judgment entered against her.

A joint answer appears in the record filed in apt time by movent and the other defendants. Judge Thompson in his judgment finds as a fact that "an answer was filed on her (movent's) behalf by her counsel of record."

In my opinion, the basis of the decision in *Town of Bath v. Norman,* 226 N.C. 502, 39 S.E. 2d 363, is sound. A purported consent judgment by one having no authority is void, and a showing of merit as to the defense is not required to vacate a void judgment. " 'A void judgment is no judgment, and may always be treated as a nullity.' A nullity is a nullity, and out of nothing nothing comes. *Ex nihilo nihil fit* is one maxim that admits of no exceptions." *Harrell v. Welstead,* 206 N.C. 817, 175 S.E. 283.

The lower court has not ruled on movent's motion and evidence that she never consented to the judgment entered against her. No matter how busy the Superior Court may be, due process and fair play require a ruling below on movent's contention that she never consented to the judgment entered against her, regardless of what the ultimate result may be.

In my opinion, the Judge below in deciding the motion acted under a misapprehension of the applicable law. Such being the case, the proceeding should be remanded to the Superior Court for further hearing. *McGill v. Lumberton,* 215 N.C. 752, 3 S.E. 2d 324; *S. v. Grundler,* 249 N.C. 399, 106 S.E. 2d 488.

RODMAN, J., dissenting: Since I am unable to agree with the conclusions reached by my brethren in this case, it is proper that I should briefly explain my reasons for dissenting.

The facts are stated in the opinion of the Court. Movant asserts the answer was filed by an impertinent intermeddler who had no authority to consent to a judgment. If the attorney who filed the answer was without authority to do so, plaintiffs were entitled to a default judgment. The mere fact that the court, instead of so denominating it, declared it a consent judgment under a mistake of facts, should not defeat plaintiffs' rights. If the answer was filed by an attorney authorized to answer for movant, he became her agent, and the mere fact, if as movant asserts, that he exceeded his authority does not render the judgment void. The act of an agent in making a contract beyond the authority given him by his principal is voidable, not void. A void contract is an absolute nullity and may be disregarded everywhere. It is not subject to ratification. A voidable contract, e.g., a contract made by an infant or incompetent, is subject to ratification and is binding if not vacated by affirmative action taken in due time. The distinction is at times, as here, im-

portant. At other times the distinction is not important and "void" is frequently used when "voidable" would be more appropriate. The distinction has been repeatedly recognized in decisions of this Court. See *McNeill v. R.R.*, 135 N.C. 682; *Millsaps v. Estes*, 137 N.C. 535; *Chandler v. Jones*, 172 N.C. 569, 90 S.E. 580; *Hogan v. Utter*, 175 N.C. 332, 95 S.E. 565; *Beeson v. Smith*, 149 N.C. 142; *Barger v. Finance Co.*, 221 N.C. 64, 18 S.E. 2d 826; *Reynolds v. Earley*, 241 N.C. 521, 85 S.E. 2d 904; 17 C.J.S., 331; 12 Am. Jur. 507.

*Hall, J.*, more than a century ago, said in *Williams v. Woodhouse*, 14 N.C. 257: "Judgments are the solemn determinations of judges upon subjects submitted to them, and the proceedings are recorded for the purpose of perpetuating them. They are the foundations of legal repose." Substantially similar definitions have been given by this Court on numerous occasions. Before a judgment can be rendered, a court must have jurisdiction of the parties and the asserted cause of action. If either is lacking, the judgment is void. Where the court has jurisdiction of the parties and causes, it may be irregular—that is voidable, or erroneous. It is erroneous when the court acts upon a mistaken view of the law. It is irregular when entered contrary to the course and practice of the court because of some mistake of fact, as for instance, the capacity of the parties to assent to a contract. The distinction between void, voidable or irregular, and erroneous judgments has been repeatedly pointed out. *Carter v. Rountree*, 109 N.C. 29; *Finger v. Smith*, 191 N.C. 818, 133 S.E. 186.

If, as movant asserts, the attorney who filed the original answer was a mere officious intermeddler without authority to answer, the court had the power to render a default judgment. The fact that, instead of so denominating it, it is named a consent judgment, should not, standing alone, suffice to impair its validity. If the attorney was authorized to answer but not authorized to consent, the judgment was voidable because entered under mistake of fact. In either event, a meritorious defense ought to be shown as a condition to vacating the judgment. It is said in Freeman on Judgments, 5th ed., vol. 3, p. 2762: "In support of an application to open a judgment there must be a sufficient showing by affidavit or other appropriate method, of a meritorious defense, unless the judgment is wholly void for lack of jurisdiction."

*Hoke, J.*, later *C. J.*, said in *Gough v. Bell*, 180 N.C. 268, 104 S.E. 535: ". . . it has been held with us in numerous decisions that, in order to (obtain) such relief in case of judgments *voidable for irregularity* it is incumbent on defendant that he should move with

reasonable promptness and make a reasonably probable show of merits." (Emphasis supplied.)

The cases in our reports requiring showing of merit to vacate judgment rendered under a misapprehension of fact are multitudinous. The following are illustrative: *Jeffries v. Aaron,* 120 N.C. 167; *LeDuc v. Slocomb,* 124 N.C. 347; *Stockton v. Mining Co.,* 144 N.C. 595; *Minton v. Hughes,* 158 N.C. 587, 73 S.E. 810; *Miller v. Curl,* 162 N.C. 1, 77 S.E. 952; *Hyatt v. Clark,* 169 N.C. 178, 85 S.E. 389; *Chemical Co. v. Bass,* 175 N.C. 426, 95 S.E. 766; *Cahoon v. Brinkley,* 176 N.C. 5, 96 S.E. 650. The rule requiring a meritorious defense as condition for vacating a judgment rendered by mistake is but an illustration of the rule so frequently applied that harmless error is not sufficient to destroy a judgment.

I recognize that it was said in *Town of Bath v. Norman,* 226 N.C. 502, 39 S.E. 2d 363, that a consent judgment was void in the absence of consent and hence a meritorious defense was not necessary. Without questioning the correctness of the ultimate result of that case, I do not think it is predicated on a sound foundation, namely that meritorious defense is not necessary where the judgment is voidable rather than void.

In the companion case of *Brown v. Owens,* we hold that plaintiff has no meritorious defense. Why then should the time of the Superior Court, so badly needed for the trial of other cases, be taken to hear a cause when the ultimate result will not vary from the judgment which has been rendered? Plaintiffs are entitled to the judgment. They should not be deprived of their rights nor should the court be toyed with.