### ARTHUR v. BROADWAY.

(December 22, 1900.)

*Judgment — Setting Aside — Mortgages — Foreclosure — Waiver.*

A motion to set aside a judgment of foreclosure for irregularity, made nineteen years after rendition, and after the rights of innocent third parties have intervened, should be denied.

DOUGLAS, J., dissenting.

MOTION by W. D. Broadway, Alice Faulkner, M. L. Broadway, and Quince A. Faulkner, to set aside a judgment

in the case of F. P. Arthur and Nancy Arthur, his wife, against J. W. Broadway, heard by Judge *H. R. Bryan,* at November Term, 1899, of LENOIR Superior Court. From an order denying the motion, the movers appealed.

*W. J. Rouse,* and *A. J. Loftin,* and *Geo. Rountree,* for the plaintiffs.

*Aycock & Daniels, Allen & Dortch,* and *Battle & Mordecai,* for the defendants.

CLARK, J.    This was a motion in the cause to set aside a judgment rendered at Spring Term, 1880, of the Superior Court of Lenoir County. The Judge found the following facts:    The action was begun October 6, 1879, to foreclose a mortgage executed by Jesse W. Broadway upon the land in question, who was the owner in fee and mortgagor thereof, and a decree of foreclosure was made at Spring Term, 1880, and a commissioner appointed to make sale, which he did at public auction at the court-house door after due advertisement, when E. S. Broadway became the purchaser. Sale was duly reported to the court, and confirmed by decree of Special Term, 1880, of the court, and the commissioner executed title thereunder to the purchaser. The land was then worth less than $1,500, and brought $725.68. The court further found:    That Jesse W. Broadway died after the decree of sale under foreclosure was made, but before the sale thereunder. That there was no suggestion on the record of his death, and the records upon their face appear to be entirely regular. That in 1883 an action was brought by W. B. Ferrell and wife and others (among whom are all the movers herein), who allege that at said sale in this cause as aforesaid E. S. Broadway bought said land as trustee for them, and asked that E. S. Broadway be declared trustee for them. That they were represented by Hon. George V.

Strong and Daniel E. Perry.    E. S. Broadway filed answer,
and judgment was entered at August Term, 1887, as fol-
lows:    "The following jurors, having been chosen, impan-
eled, and sworn to try the issues arising upon the pleadings,
for their verdict say that they find all issues in favor of de-
fendant, and it is thereupon adjudged that the plaintiffs take
nothing," etc.    That W. B. Ferrell, who was appointed next
friend for the petitioners herein, died during the pendency
of the action, but his death was not suggested, and no other
next friend was appointed for the infant petitioners.    That
there is nothing on the records which indicates that W. B.
Ferrell died during the pendency of the action, and the pro-
ceedings are, upon their face, regular.    That E. S. Broad-
way mortgaged said land to J. W. Grainger in 1887, and in
1890 he purchased the land in fee from Broadway for full
value, and had no notice at the time of his purchase that
J. W. Broadway had died in 1880, before sale made, nor did
he have any notice that W. B. Ferrell died during the
pendency of the action instituted in 1883, or that no next
friend was appointed in his stead.    That notice of this mo-
tion to set aside the judgment of 1880 was not served on
J. W. Grainger till November, 1899.    That J. W. Grainger
was a purchaser for full value in good faith and without
notice, and that the movers herein, W. B. Broadway, Mead
L. Broadway, and Alice Faulkner, are not heirs of said
Jesse W. Broadway, but claim their interest as the heirs of
John Broadway.    Upon the above findings of fact, his
Honor refused to set the motion aside.

As this is a motion to set aside the judgment of Arthur
against Jesse W. Broadway, rendered in 1880, it is only
necessary to consider that judgment.    It is not suggested that
the mortgage was invalid.    The decree of foreclosure was en-
tered while Jesse W. Broadway was living, and this cut off

his legal title. There was nothing, as the Court finds, to suggest that he died before the sale and confirmation thereof. But the record was entirely regular. The petitioners, if they had any rights, have slept upon them for 19 years before making this motion; and not only this, but in 1883 they treated said sale of 1880 as valid, and joined in an action to have E. S. Broadway, the purchaser at said sale, declared a trustee for them, upon allegation that he bought as their agent. Then the Judge finds as a fact that J. W. Grainger bought the land in 1890 for full value, and without notice of the irregularity in the confirmation of the sale. A party aggrieved must move to vacate a judgment before the rights of innocent third parties have intervened. *Le Duc v. Slocomb,* 124 N. C., 351, 726; *Vick v. Pope,* 81 N. C., 22. The Judge also finds that the movers herein are not the heirs-at-law of Jesse W. Broadway. There was strong evidence to support this finding. The verdict to the contrary was in a proceeding to which J. W. Grainger was not a party, and as to him such finding would only be evidentiary, at most. Upon the findings of fact, the movers have no interest in the realty. If they had, they waived the right to set aside this judgment for irregularity by endeavoring to obtain title to themselves as beneficiaries under said sale by the action brought in 1883, and have slept on their rights for 19 years before making this motion to impeach the judgment for irregularity; and in the meantime Jesse W. Grainger has bought the land for full value, under proceedings regular on their face, and without notice of any irregularity. The judgment below must be

Affirmed.

Douglas, J., dissenting.