D. W. REA v. PRESLEY BISHOP ET AL.

FILED JUNE 6, 1894. No. 5316.

1. **Trial:** DEFENSE OF INSANITY: OPENING AND CLOSING. The plaintiff alleged the payment to a third person of specific sums of money for the benefit and at the request of the defendant. The answer made no denial of the allegations of the petition, but pleaded insanity as a defense. *Held*, That under this state of the issues the defendant was required to first introduce testimony and was entitled to the opening and close of the case.

2. **Insanity:** ACTION ON CONTRACT. The defense of insanity may be interposed to an action upon a contract without restoring what the insane person received thereunder, in cases where the ability does not remain of restoring what was received in specie.

3. **Instructions:** REVIEW. Instructions will not be reviewed un-

less the record discloses that exceptions were taken thereto, and where error is assigned upon the refusal of a group of instructions *en masse*, they will be considered no further than to ascertain that some one of the group was properly refused.

ERROR from the district court of Saunders county. Tried below before MARSHALL, J.

*A. M. Robbins, H. E. Babcock*, and *Good & Good*, for plaintiff in error.

*J. R. & H. Gilkeson, contra.*

IRVINE, C.

The plaintiff in error sued the defendants in error to recover three sums of money: the first on a promissory note for $102, alleged to have been executed by Bishop to one Harris and signed by plaintiff as surety, and which plaintiff paid; the second, $10, in payment of a livery bill at Bishop's request, and the third, $9, paid to the county judge at the request of Bishop. The petition alleged that since the transactions Bishop has been adjudged insane and his guardian was made a party defendant. The guardian answered for herself and Bishop, not denying any of the facts stated in the petition, but alleging that at the time of all of the transactions Bishop was insane, and that the plaintiff knew that fact when he incurred the obligation upon the note and paid the two sums of money. The reply was practically a denial of these allegations.

Error is assigned upon the court's permitting to the defendants the opening and close of the case. An inspection of the record does not disclose who made the opening statement to the jury. The objection was taken to the court's permitting the defendants first to introduce evidence. Upon this subject section 283 of the Code of Civil Procedure provides: "When the jury has been sworn the trial shall proceed in the following order, unless the court for

special reasons otherwise direct: First—The plaintiff must briefly state his claim, and may briefly state the evidence by which he expects to sustain it.  *  *  *  Third—The party who would be defeated, if no evidence were given on either side, must first produce his evidence; the adverse party will then produce his evidence.  *  *  *  In the argument the party required first to produce his evidence shall have the opening and conclusion." The whole of plaintiff's petition was practically admitted by the answer. The issues were only those relating to Bishop's sanity. Under this state of the pleadings, if no evidence had been introduced, judgment would have gone for the plaintiff, and the court, therefore, correctly gave to the defendant the opening and close.

The principal question discussed is as to the liability of an insane person upon his contracts, when made without fraud or deception with one not aware of his insanity. This argument is of course based upon the instructions. The record does not show that any exceptions were taken to the instructions given by the court, and they cannot, therefore, be reviewed. As to the instructions requested by plaintiff and refused, the assignment of error both in the motion for a new trial and in the petition in error is as follows: "The court erred in refusing instructions asked by the plaintiff numbered one to eleven inclusive, and which was duly excepted to by the plaintiff." Under such an assignment we can consider these instructions no further than to ascertain that one of them was correctly refused. (*Hiatt v. Kinkaid*, 40 Neb., 178 ; *McDonald v. Bowman*, 40 Neb., 269.) The second of these instructions refused was as follows: "The jury are instructed that an executed contract of an insane person cannot be rescinded, neither can it be successfully resisted in an action at law, unless the person contracted with can be placed in *statu quo;* that is in the same condition in which he stood before entering into the contract with the insane person." To have given

this instruction would have required the defendants to show
that they had repaid to plaintiff all the money advanced.
Since this case was submitted this court has had occasion to
consider the question of the right of an insane person to
rescind without restoring the consideration. (*Dewey v. All-
gire*, 37 Neb., 6.)    It was there held that the deed of an
insane person may be avoided as against a grantee without
notice of the grantor's insanity and against an innocent pur-
chaser from such immediate grantee.    In the latter case it is
not necessary to restore the consideration paid by such pur-
chaser to the immediate grantee.    In that case the follow-
ing language from *Gibson v. Soper*, 6 Gray [Mass.], 279, was
quoted with approval: "'To say that an insane man, before
he can avoid a voidable deed, must first put the grantee in
*statu quo* would be to say, in effect, that in a large majority
of cases his deed shall not be avoided at all.    The more
insane the grantor was when the bargain was made, the
less likely will he be to retain the fruits of his bargain so
as to make restitution.    It would be absurd to annul the
bargain for the mental incompetency of a party, and yet to
require of him to retain and manage the proceeds of his
sale so wisely and discreetly that they shall be forthcoming
when, with restored intellect, he shall seek its annulment.'"
While the facts of this case are not at all similar to those
of *Dewey v. Allgire*, the principle is the same.    In the re-
cent case of *Englebert v. Troxell*, 40 Neb., 195, it was held
in regard to a contract of an infant that in order to rescind
the contract upon reaching his majority, he is required only
to return so much of the consideration received by him as
remains in his possession, and he is not required to return
an equivalent for such part thereof as may have been dis-
posed of by him during his minority.    The right to rescind
or to resist the enforcement of a contract is based upon the
same ground, whether the party be an infant or insane;
that is, a want of legal capacity to contract.    We think the
principle of the two cases cited is decisive here, and that

the instruction requested was, therefore, vicious.    By it the jury would have been instructed that the enforcement of the contract could only be resisted when it was practicable to place the other party in *statu quo*.    The rule is that the defense of incapacity will only be unavailing when it is possible to restore the consideration and this is not done.

Some argument is addressed to errors alleged to have occurred in the admission of evidence.    These questions we cannot consider, for the reason that in the petition in error there is no assignment upon the subject.

JUDGMENT AFFIRMED.