Curt M. Treat and Jessie W. Treat, Defendants in Error, v. Mrs. John F. Gasmire, Plaintiff in Error.

### Gen. No. 16,678.

1. LANDLORD AND TENANT—*month to month.* Where a tenant vacates a house before the expiration of a lease for a definite term and employs an agent to rent it, who procures a new tenant, informing him that a lease extending beyond the original term can be obtained, and giving him a draft of an unsigned lease to that effect, and there is no evidence that the agent was authorized by the lessor or that his acts were ratified, or that an agreement was made by the lessor or the original tenant, the new tenant is not a tenant from month to month and is not entitled to thirty days' notice to quit.

2. LANDLORD AND TENANT—*notice to quit.* Where a lease is made for a definite term, no notice to quit is necessary, when the term expires, and the lessee or any person claiming under him is liable in forcible detainer.

3. LANDLORD AND TENANT—*when wife is proper party defendant in forcible detainer.* A tenant vacated a house before the expiration of a lease for a definite term and employed an agent to rent it. After a conversation with the agent regarding a lease for a longer term, a husband, wife and daughter moved in, but there was no agreement or consent that the husband might take possession. The agent without authority from the lessor delivered an unsigned draft of a lease to the husband for a longer term. *Held,* in forcible detainer at the end of the original term, the court might properly find from the evidence that the wife was a proper party defendant.

Forcible detainer. Error to the Municipal Court of Chicago; the HON. MICHAEL F. GIRTEN, Judge, presiding. Heard in this court at the October. term, 1910. Affirmed. Opinion filed December 30, 1912.

Charles Horn demised by written lease a dwelling house in Chicago to Braithwaite for a term of two years from May 1, 1908, and during the term conveyed the premises to defendants in error. Braithwaite moved out of the house in October, 1909, and employed Dean to rent it. John M. Gasmire, his wife and daughter May moved into the house soon after it

was vacated.  May 3, 1910, defendants in error brought
an action of forcible detainer against Mrs. John F.
Gasmire, the plaintiff in error, in the municipal court,
had judgment for the possession of the premises, and
she sued out this writ of error.  On the trial of the
cause May Gasmire testified that she applied to Dean
to rent a house in October, 1909; that Dean said he had
a house belonging to Horn which could be rented;
that witness told Dean that she wanted a lease for two
or three years; that Dean said he thought it could be
arranged and would communicate with Horn, and
showed her the house; that later on she and her father
and mother moved in; that she then asked Dean about
the lease and Dean said it would be all right and hand-
ed her a writing to have her father sign, which was
introduced in evidence by defendant and is a draft of
an unsigned lease from Horn to J. F. Gasmire of the
house for one year from May 1, 1910; that she paid
with her father's money the rent for November and
December to Dean and for January, February, March
and April to Braithwaite; that at the time of the trial
her father was living with her mother and herself in
the house.

CASWELL & HEALY, for plaintiff in error.

GARRET V. WEART, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the
court.

The contention of plaintiff in error that her hus-
band was a tenant from month to month and therefore
a thirty days' notice should have been given, finds no
support in the evidence.  There is in the record no
evidence tending to show that Dean had any authority
from Horn to rent the house, or that Horn in any way
ratified anything that Dean did in respect to leasing
the house; nor is there any evidence that either Horn
or the defendants in error made an agreement with

any one to extend Braithwaite's term or grant a new term after the expiration of his term.

Where the term expires no notice to quit is necessary, and the lessee or any person claiming under him is by the express provision of the act liable to this action.

Plaintiff in error further contends that she was not a proper party. There is no evidence that any one of the Gasmires took possession of the house under an agreement with any one. May Gasmire testified to a conversation with Dean, but not to any agreement with him or consent that her father might take possession of the house, and that, "later on she and her father and mother moved in." Mrs. Gasmire did not on the trial contend that she was not in possession of the house, but contended that plaintiff could not maintain the action because Dean had given to her daughter the draft of a lease from Horn to her husband for one year from May 1, 1910, which draft was not signed either by the proposed lessor or lessee. We think that from the evidence the court might properly find that she was a proper party defendant. Whether her husband should also have been made a defendant is a question not presented by the record. The evidence clearly shows that plaintiffs were entitled to the possession of the house when the action was brought, and the judgment is affirmed.

*Affirmed.*