### JOHN MIDIMIS v. J. C. MURRELL.

(Filed 3 June, 1925.)

**Loans—Contracts—Ejectment—Possession.**

> Where the landlord and tenant have entered into a written agreement for the payment of arrearages of rent, that it should be in a certain weekly amount in addition to the usual rental, giving the lessor the right at his option to declare the lease void, after five days from the tenant's failure to pay as in case of tenancy at will, a demand for the possession of the leased premises is not a prerequisite to proceedings in ejectment brought after demand for the rental price had been made and not complied with.

APPEAL by defendant from *Webb, J.,* January Term, 1925, of BUNCOMBE.

Action by plaintiff, lessor, against defendant, lessee, in summary ejectment. Judgment for plaintiff, and defendant appeals.

This action was begun before a justice of the peace and carried by defendant's appeal to the Superior Court. The jury rendered a verdict for plaintiff for the leased premises and fixed the debt at $119, and judgment was rendered accordingly.

The admitted lease in evidence contained these provisions:

"No. 1. An option or privilege of extension of this lease for a term of none years (months) upon the following terms: Whereas, the lessee is indebted to the lessor in the sum of $150 for accrued past rent due, contracted prior to this written lease, it is understood and agreed as a part of the consideration hereto the said lessee may pay said sum at the rate of five dollars per week, in addition to the sums above set forth, and that upon failure to pay the said $5 per week, then the lessor at his option may declare this lease null and void.

"No. 2. It is agreed between the parties hereto that should this rent at any time remain unpaid for a period of five days after the same shall be due and payable, and the said lessor may at his option consider said lessee tenant at will, reënter and repossess himself of the said premises."

The evidence of plaintiff tended to show that plaintiff demanded the rents, under the terms of the lease, more than five days before the institution of this action before the justice of the peace, and that defendant had neglected to pay the same. Plaintiff admitted that the only demand made upon the defendant was for the payment of rents under the terms of the lease; that he made demand when the first month's rent was due for the payment of rent, and never demanded the leased premises, and demand for rent payment was five days before this action was instituted. ,

There is no controversy as to the amount due plaintiff for failure to pay on account of both quoted provisions in the lease.

The court charged the jury as follows:

"The court charges the jury that if the jury should find from the evidence in this case that the plaintiff and defendant entered into a contract of lease, as introduced in evidence, and should further find that the plaintiff demanded the rents five days before the institution of the action before the justice of the peace, then it would be the duty of the jury to answer the first issue 'Yes.' "

The defendant excepted to the refusal to nonsuit and to the charge, and appealed.

*Fortune & Roberts for plaintiff.*
*Wells, Blackstock & Taylor for defendant.*

VARSER, J. We are of the opinion that the ruling of the court below is sustained by a proper construction of the stipulation, quoted as No. 1 above. This stipulation relates to rent past due at the date of the execution of the lease, whereby the defendant agreed to pay this sum at the rate of $5 per week, in addition to the rental provided in the lease, with the provision "that upon failure to pay the said $5 per week, then the lessor, at his option, may declare this lease null and void." This provision authorized the plaintiff to treat the lease as absolutely void when the default occurred in the payment of these weekly installments on the past-due rent account. Therefore, a time was fixed, or an event selected, by which the lease terminated, and upon default, under the stipulation, no notice to quit was necessary.

When the parties have by agreement fixed the time for the agreement to terminate, notice to .quit is unnecessary, because the reason for it ceases. *Stedman v. McIntosh,* 26 N. C., 291; Mordecai's Law Lectures,

541; 16 R. C. L., 1173; *Faylor v. Brice,* 7 Ind. App. Ct., 551; *Fifty Associates v. Howland,* 59 Mass., 214; *Treat v. Gasmire,* 176 Ill. App., 91; *Gunning v. Sorg,* 113 Ill. App., 332.

In an elaborate note *Judge Freeman,* in reporting *Stedman v. McIntosh, supra,* in 42 American Decisions, on page 130, says: "It is a universal rule, both at the common law and by statute, that where the demise is for a fixed term and is to end on a day certain, no 'notice to quit is necessary. The reason for this rule is obvious. The object of notice is to terminate the tenancy, and when the lease itself fixes the time at which it is to expire, the necessity for any other notice by either party to terminate it is done away with. Each party is apprised from the contract when the lease ends; further action by either to end it would be unnecessary and superfluous. If a tenant holds over after the expiration of a fixed demise without the lessor's consent, he becomes a mere tenant by sufferance, liable to be ejected without notice."

The same learned author in applying the same rule to leases depending upon a contingency says:

"Where a lease is to be terminated on the happening of a contingency, the happening of the contingent event determines the tenancy, and ejectment will lie without further notice to quit."

This note contains a wealth of authority supporting this doctrine and showing its universality.

Hence, the default in the payment of the weekly installment gave the plaintiff the right to invoke the aid of the court in summary ejectment. The plain stipulations of the parties fixed this default as the event, upon the happening of which the tenancy terminated. Both parties to the lease had full notice of its terms.

On account of this stipulation in the lease and the ruling by the court below, which is fully supported by it, there is no need, on the instant record, to discuss the interesting question, which was ably and earnestly argued by defendant's counsel, as to notice when the defendant is a tenant at will. There is

No error.