A. B. COLEMAN v. CAROLINA THEATRES, INCORPORATED.

(Filed 9 May, 1928.)

**Receivers—Management and Disposition of Property—Leases.**

Where the lessee corporation, operating a theatre, has become insolvent and is in the hands of a receiver, and its assets consist largely of the value of its lease with the plaintiff, the lessor, who seeks to cancel the lease for the nonpayment of rents due thereunder, and it is made to appear that the receiver has put valuable improvements on the building, and that it is to the best advantage of creditors that the receiver operate under the lease : *Held,* the judgment of the court that the receiver operate the theatre under the lease upon paying all rent in arrears, and promptly paying the rent as it may accrue in the future, is not error, there being no provision in the lease that the lessor have an option to reënter and declare the contract void. C. S., 2343, 2372.

APPEAL by petitioners from an order of *Harding, J.,* at Chambers, 12 March, 1928. Affirmed.

*Tillett, Tillett & Kennedy for plaintiff.*
*Bourne, Parker & Jones for petitioners.*
*Taliaferro & Clarkson for receiver.*

ADAMS, J. The plaintiff was vice-president, director, and stockholder in the defendant corporation which had been engaged in the business of operating a chain of moving picture theatres. He. alleged that the defendant had become heavily indebted and unable to meet its obligations; that claims aggregating several thousand dollars had become due; that several claims against the defendant had been placed in the hands of attorneys for collection, and that defendant had no funds with which to pay its indebtedness. On his application a temporary receiver was appointed on 12 February, 1928.

After the receiver had been appointed the petitioners filed a petition in the cause setting up an agreement between J. H. Buckner and Anna K. Buckner, under whom the petitioners claim, and the defendant corporation. They alleged that the defendants entered into possession of the buildings and equipment described in the agreement, began the operation of a moving picture show in accordance with its terms, and thereafter made default in the payment of the rent due for the months of January and February, 1928. They alleged that J. H. Buckner had become largely indebted and that neither his estate nor that of Anna K. Buckner was financially able to pay its indebtedness and that the petitioners are entitled to the possession of the property held by the defendants for the purpose of leasing it on terms not less favorable than those for which it had been taken by the defendant. Neither the plaintiff nor the receiver impeaches the regularity of this proceeding. In the order of Judge Harding it is recited that the defendant was in arrears for rents amounting to $625, but that the defendant had expended large sums of money in rearranging the building and in installing equipment therein and that the lease and equipment form one of the main assets of the defendant in the hands of the receiver; also, that it is for the best interest of all parties that the validity of the lease be maintained until the right of parties and the creditors can be properly investigated and determined. During the hearing of the petition and before judgment therein the receiver tendered to the petitioners all rents due, together with all costs which they had lawfully incurred. It was thereupon adjudged that the petition be denied, that the receiver continue in possession of the property until further orders, without prejudice to the rights of the petitioners in case of future default in the payment of rents

to recover as therein provided. The question for decision is whether there was error in the judgment. In Consolidated Statutes, section 2343, it is provided that in all verbal or written leases of real property in which is fixed a definite time for payment of rent, there shall be implied a forfeiture of the term upon failure to pay the rent within ten days after a demand for all past due rent is made by the lessor or his agent upon the lessee. The agreement in question, or lease, contains substantially the provisions of this section. Section 2372, is as follows: "If, in any action brought to recover the possession of demised premises upon a forfeiture for the nonpayment of rent, the tenant, before judgment given in such action, pays or tenders the rent due and the costs of the action, all further proceedings in such action shall cease. If the plaintiff further prosecutes his action, and the defendant pays into court for the use of the plaintiff a sum equal to that which shall be found to be due, and the costs, to the time of such payment, or to the time of a tender and refusal, if one has occurred, the defendant shall recover from the plaintiff all subsequent costs; the plaintiff shall be allowed to receive the sum paid into court for his use, and the proceedings shall be stayed."

In *Ryan v. Reynolds,* 190 N. C., 563, these two sections were referred to, and it was held that as tender of the rents and costs had been made, the action would be dismissed and the tenants allowed to remain in possession. We see no reason why the principle stated in this decision is not controlling upon the facts appearing of record. *Midimis v. Murrell,* 189 N. C., 740, is distinguishable for the reason that the lease therein construed provided that upon failure to pay the rent the lessor should have the option to declare the contract null and void. There is no equivalent provision in the lease under consideration. Judgment

Affirmed.