JOHN REYNOLDS v. CLARENCE EARLEY AND WIFE, ELVETA EARLEY.

(Filed 2 March, 1955.)

1. Insane Persons § 12:  Vendor and Purchaser § 5c:  Pleadings § 31—

In an action by the assignee of an optionee, the owners of the land are not entitled to attack the assignment on the ground that at the time of its execution the optionee was mentally incompetent, and allegations setting forth this defense are properly stricken on motion, since the contracts of an insane person are not void but are voidable at the election only of the lunatic or his representative, or his heirs, executor or administrator.

2. Appeal and Error § 29—

A ground of objection not discussed by appellants in their brief is deemed abandoned.   Rule 28, Rules of Practice in the Supreme Court.

3. Landlord and Tenant § 22—

Where the lease contains no forfeiture clause for failure to pay rent, lessors may assert forfeiture for nonpayment of rent only after 10 days from demand upon lessees for payment.   G.S. 42-3.

4. Same—

Where a lease does not provide for forfeiture for nonpayment of taxes or the making of improvements, forfeiture may not be declared on these grounds.

**5. Landlord and Tenant § 2—**

A lease which describes the land as being in a named township and adjoining and bounded by the lands of named persons, will not be declared unenforceable on the ground that the description is too vague and indefinite.

**6. Vendor and Purchaser § 5c—**

In an action for specific performance of an option contained in a lease, instituted by the assignee of the optionee, defendants contended that the optionee had surrendered the lease to them, but there was no evidence that the assignee knew of it before the assignment was made to him. *Held:* Since an option in a lease giving lessee the right to purchase the premises at any time before the expiration of the lease, is a continuing offer to sell on the terms set forth in the option, and may not be withdrawn by the lessor within the time limited, defendants' motion to nonsuit on the ground of the surrender of the lease was properly denied on the evidence.

**7. Pleadings § 22—**

In an action on an option contained in a lease which sufficiently describes the premises, the trial court has the discretionary authority to permit amendment after verdict specifically describing the land, and the action of the trial court in permitting the amendment without notice to the adverse party will not be held prejudicial, particularly when the cause is remanded for a new trial.

**8. Trial § 28—**

Even in those instances in which the evidence justifies the court in instructing the jury to answer the issue in favor of the party upon whom rests the burden of proof if the jury believes the facts to be as all of the evidence tends to show, the court must leave it to the jury to determine the credibility of the testimony, and it is error for the court upon failure of the jury to return a verdict immediately to recall the jury and inform them that the court's instructions were to answer the issue "Yes" if the jury found the facts to be as all the evidence tended to show.

APPEAL by defendants from *Moore, Dan K., J.,* September Term 1954 of BUNCOMBE.

Civil action to compel specific performance of an option to purchase real estate assigned to plaintiff.

Plaintiff's evidence tends to show these facts: On 2 August 1948 the defendant Clarence Earley owned, and still does, the real property in Buncombe County, which is the subject matter of this action. On that date he and his wife, Elveta Earley, in consideration of $5.00 executed and delivered a lease and option under seal to purchase this property to H. R. Green, "or his assigns," which is recorded in the Office of the Register of Deeds of Buncombe County in Deed Book 662, p. 509. The lease to H. R. Green, "or his assigns," ran for five years, from 1 January 1949 to 1 January 1954, and provided for a rental of One Dollar per year. The option provision is as follows: "The parties of the first part give to

the party of the second part, or his assigns, the exclusive right and option
to purchase the above designated farm for a total consideration of $5,000
at any time during the term hereof, and will, on demand execute. to the
party of the second part, or the party designated by him, a good and
sufficient deed to said property, conveying the same free and clear of any
and all encumbrances of any nature."

On 7 July 1950 H. R. Green and wife, for a valuable consideration,
assigned under seal this lease and option to plaintiff: this assignment was
recorded on 8 July 1950 in the public registry of Buncombe County.

The plaintiff, prior to the assignment of the lease and option, had had
no conversation with the defendants. After the assignment he entered
into possession of the premises, and is still in possession. He has made
improvements thereon. After being in possession for several months and
interested in exercising the option, he talked with the defendants, and told
them the lease and option had been assigned to him. The defendants
replied that they didn't know about the assignment, and before they talked
to him, they wanted to talk to their attorney. On or about 22 July 1953
he went to the defendants, told them that he had a deed with him for their
execution for the property and $5,000.00 in money, and wanted to exercise
the option on the property. The defendants said they wanted to talk to
their lawyer. He never paid defendants any rent, but tendered rent
during the trial. He did not hear from the defendants, and because of
their failure to execute and deliver a deed to him for the property,
according to the terms of the option, instituted this action.

The defendants' evidence was to this effect: They executed and deliv-
ered the lease and option to Green. In the spring or summer of 1950
plaintiff came to their house, and said he had bought the lease. Clarence
Earley told him Green had broken the lease by not paying the rent and
taxes. Defendants told plaintiff he had bought no lease, because Green
"had already breached the contract and had already submitted the same
to us"; not to go upon the land, and if he did so, it would be at his risk.
Plaintiff replied, "he had bought the lease as is and was paying no rent."
In July 1953 plaintiff came to the defendants' home with his lawyer, and
demanded the execution of a deed according to the option. Plaintiff said
he had $5,000.00 with him. Clarence Earley replied his wife was not
at home, and it was not the proper time to do business. The defendants
have made no demand for the rent: they thought as plaintiff had built
a fence on the land, they would give him three years rent. Defendants
are not willing to execute and deliver a deed for the premises to plaintiff
upon payment to them of $5,000.00.

This issue was submitted to the jury: "Is the plaintiff entitled to a deed
in fee simple to the property described in the complaint, upon payment
to the defendants of the sum of $5,000 cash purchase price as alleged in

the complaint?" Pursuant to a directed instruction the jury answered the issue "Yes."

From the judgment entered thereon, the defendants appeal, assigning error.

*Ward & Bennett and McLean, Gudger, Elmore & Martin for Plaintiff, Appellee.*

*Cecil C. Jackson and Wm. W. Candler for Defendants, Appellants.*

PARKER, J. The defendants during the pendency of the action filed three Answers. They assign as error No. One, Judge Clarkson, upon motion of the plaintiff, "striking out parts of defendant's answer." However, they bring forward and discuss in their brief only the striking out of all allegations to the effect that H. R. Green could not execute a valid assignment of the lease and option to the plaintiff, because at the time of its execution and delivery he was mentally incompetent. After Judge Clarkson's order, the defendants filed a second Answer making substantially the same allegations. Judge Moore, upon motion of the plaintiff, struck out of defendants' answer substantially the same allegations that Judge Clarkson did. Defendants assign as error No. Two, Judge Moore "striking out parts of defendants' answer." However, they bring forward and discuss in their brief only the striking out of the allegations as to H. R. Green's mental incompetency. Defendants discuss these two assignments of error together in their brief.

Defendants then filed a Third Answer in which was alleged a substantial part of the matters and things stricken out by Judges Clarkson and Moore, other than the allegations as to mental incompetency of Green.

The defendants contend that they can avoid Green's assignment of the lease and option to plaintiff upon the alleged ground of Green's mental incompetency at the time of its execution and delivery.

The executed contracts of an insane person "before such condition has been formally ascertained and declared, are voidable and not void, and it is also recognized that such contracts are usually voidable at the election of the lunatic or person properly appointed to act in his behalf . . ." *Ipock v. R. R.,* 158 N.C. 445, 74 S.E. 352.

It was held in *Cadillac-Pontiac Co. v. Norburn,* 230 N.C. 23, 51 S.E. 2d 916, that an assignment by parol by the purchaser of a contract to convey real estate is no defense to an action on the contract by the assignee against the vendor, since the Statute of Frauds is a personal defense which may be set up only *inter partes.*

H. R. Green is dead. The fact that his heirs, executor or administrator might have a valid cause of action against the assignee because of Green's alleged mental incompetency does not affect the legal title of the plaintiff,

and is not available as a defense for the defendants in this action on the assignment of the option. *Kelly v. Kelly,* 241 N.C. 146, 84 S.E. 2d 809; 28 Am. Jur., Insane and Incompetent Persons, Sec. 79; 46 A.L.R. 433. See also *In re Holden,* 271 N.Y. 212, 2 N.E. 2d 631.

If any part of the allegations in their first and second answers stricken out, other than those referring to Green's mental incompetency, are not substantially alleged in their Third Answer, the defendants would seem to have abandoned their general exceptions thereto by not discussing them in their brief. Rule 28, Rules of Practice in Supreme Court, 221 N.C. 544.

Defendants' assignments of error Nos. One and Two are overruled. *Goins v. McLoud,* 231 N.C. 655, 58 S.E. 2d 634, cited by defendants is distinguishable: the attack there on the validity of the deed on the ground of grantor's mental incompetency was made by his heirs at law.

The defendants assign as error the failure of the trial court to sustain their motion for judgment of nonsuit made at the close of all the evidence. They contend that Green, and also plaintiff, had forfeited the lease by failing to pay rent, taxes and make improvements on the premises. The lease contains no forfeiture clause upon failure to pay rent. A forfeiture under G.S. 42-3 for failure to pay rent is not effective until the expiration of ten days "after a demand is made by the lessor or his agent on said lessee for all past due rent." *Trust Co. v. Frazelle,* 226 N.C. 724, 40 S.E. 2d 367; *Monger v. Lutterloh,* 195 N.C. 274, 142 S.E. 12. No demand having been made by the defendants for the payment of rent, as required by the statute, the lease had not been forfeited for nonpayment of rent at the time the plaintiff notified the defendants of his intention to exercise the option. The plaintiff tendered the rent due at the trial. As to that see *Coleman v. Carolina Theatres,* 195 N.C. 607, 143 S.E. 7. The lease does not provide for the payment of taxes and the making of improvements.

The defendants further contend that the description of the land in the lease is too vague and indefinite to be enforceable. This is the description in the lease: "The following lands and premises, with the improvements thereon, or to be placed thereon, and, In Buncombe County, North Carolina, being a farm about 64 acres, in Hominy Township, adjoining Vincent Robinson on the west, Wheaton McMicken on the north and west; and by John McElreath and Spurgeon Poore on the south by Willie Jamerson." Later on in the instrument occurs this language: "If this option is not exercised the property is to be redelivered to the parties of the first part at the end of the lease, and all improvements placed thereon are to be and become the property of the parties of the first part."

The description is as definite as the description in *Speed v. Perry,* 167 N.C. 122, 83 S.E. 176, which was held sufficient, and is as follows: "A

certain tract or parcel of land in Franklin County, State of North Carolina, adjoining the lands of P. A. Davis, surrounded by the lands of P. A. Davis, known as the Junius Alston Place."

The defendants also contend that Green had surrendered the lease to them. If he had, there is no evidence that plaintiff knew of it before the assignment was made to him.

This Court said in *Crotts v. Thomas,* 226 N.C. 385, 38 S.E. 2d 158: "An option in a lease, which gives the lessee the right to purchase the leased premises at any time before the expiration of the lease, is a continuing offer to sell on the terms set forth in the option, and may not be withdrawn by the lessor within the time limited. The lease is a sufficient consideration to support specific performance of the option of purchase granted therein."

The evidence, considered as we must on a motion for nonsuit, tends to show that the option to purchase the premises described in the lease was in effect when the plaintiff notified the defendants of his election to purchase the property. The assignment of error for failure to sustain the motion for judgment of nonsuit is overruled.

The defendants have many assignments of error as to the admission and exclusion of evidence. The defendants have cited no authority in respect to these assignments of error, except that they say several questions and answers "violate the Dead Man's Rule Statute, G.S. 8-51." As to several of these assignments of error, no argument is made. It would serve no useful purpose to discuss them in detail, for the reason that the action must go back for a new trial for error in the charge, and these questions may not arise again.

The defendants assign as error the trial court, upon motion of the plaintiff, in its discretion permitting the plaintiff after verdict and before judgment to amend his complaint so as to describe the land, the subject matter of this action, more definitely: the order being entered without notice to defendants or their counsel. The trial court had authority to make such an order in its discretion. G.S. 1-163; *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276. While we do not know why the lower court made the order without notice to defendants' counsel, we do not see how the defendants have been prejudiced, particularly as the action must go back for a re-trial.

The defendants' assignment of error to the charge is sustained. The charge of the court is as follows: "Members of the Jury: The Court takes the view on this matter on the evidence the matter devolves itself into a matter of law. The Court therefore instructs the jury that if you find the facts to be as all the evidence which has been introduced in the case tends to show that you would answer the issue which the Court will submit to you YES." The jury, after the delivery of the charge, retired

to its room at 11:10 a.m.  At 11:20 a.m. the court recalled the jury, and the following took place:

"THE COURT: Members of the jury, I call you back.  Have you reached your verdict?

"FOREMAN: Give us five minutes more and we will.

"THE COURT: I didn't know if you understood my instruction.  My instructions were: If you find the facts to be as all the evidence tends to show, you would answer it YES.  You may retire."

The jury at 11:30 a.m. returned its verdict, answering the issue "YES."

Discussing a similar charge in *Shelby v. Lackey*, 236 N.C. 369, 72 S.E. 2d 757, this Court said: "A directed instruction in favor of the party having the burden of proof is error.  Citing authorities.  And when a peremptory instruction is permissible, conditioned upon the jury finding the facts to be as all the testimony tends to show, the court must leave it to the jury to determine the credibility of the testimony.  Citing authorities.  This the court below inadvertently failed to do."

The defendants are entitled to a new trial; and it is so ordered.

New trial.