REYNOLDS *v.* EARLEY.

---

---

JOHN REYNOLDS v. CLARENCE EARLEY AND WIFE, ELVETA EARLEY.

(Filed 29 February, 1956.)

**Specific Performance § 4—**

> Provision in a decree for specific performance of a contract to convey realty that if defendants failed to execute the deed according to the judgment, the judgment itself should operate as a conveyance, should be predicated upon the payment of the purchase price into the office of the clerk of the Superior Court by the purchasers.

APPEAL by defendants from *Nettles, J.,* September Term 1955 of BUNCOMBE.

Civil action to compel specific performance of an option, assigned to plaintiff, to purchase real estate.

From a judgment entered upon a verdict in favor of plaintiff, the defendants appeal, assigning error.

*McLean, Gudger, Elmore & Martin, and Ward & Bennett for Plaintiff, Appellee.*

*Cecil C. Jackson and W. W. Candler for Defendants, Appellants.*

PER CURIAM.  This action was before the Court at the Spring Term 1955 upon an appeal by the defendants, and a new trial was ordered, because of an error in the charge.  *Reynolds v. Earley,* 241 N.C. 521, 85 S.E. 2d 904.

A study of the record fails to disclose any exception of sufficient merit to require discussion, or to necessitate a new trial, by reason of the denial of any substantial right.  *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657.

· However, there must be a modification of the judgment.  The judgment in the second paragraph thereof orders and decrees that the defendants execute and deliver ·to plaintiff, upon the payment to the defendants of the purchase price in the amount of $5,000.00 in cash, a good and sufficient deed in fee simple with usual covenants of warranty to the property described in the complaint, which is the subject matter of litigation.  The judgment further provides in the third paragraph thereof that such a deed be delivered by defendants to plaintiff on or before 15 November 1955, and that, in the event of the failure of the defendants to comply with this judgment, then this judgment shall have the legal effect· of transferring to plaintiff the legal title to said property, in accordance with G.S. 1-227, and this judgment shall be regarded as a deed of conveyance, and thereupon the plaintiff shall hold the legal title to said property, as though the conveyance herein ordered were in fact executed, and shall bind the defendants, and entitle the plaintiff in the ·same manner, and to the extent, as the conveyance would, if the same were executed according to this judgment.  The judgment further provides in the fourth paragraph thereof that, upon failure of the defendants to comply herewith, then this judgment shall be registered in the Register of Deeds' Office for Buncombe County, as prescribed by law, and a copy of this judgment shall be certified by the Clerk of the Superior Court, under his seal, and the Register of Deeds of said county shall thereupon record both the judgment and the certificate.

This judgment must be modified in the Superior Court by inserting in the ·judgment. in· the third paragraph thereof after the words, "and that, in the event of the failure of the defendants to comply with this

judgment, then" these words, *upon the payment by the plaintiff, within 15 days after the date of the modification of this judgment in the Superior Court, of the sum of $5,000.00 in cash money of the United States into the Office of the Clerk of the Superior Court for the benefit of the defendants;* and it must be further modified in the fourth paragraph thereof by inserting after the words, "upon failure of the defendants to comply herewith, then," these words, *provided that the plaintiff has paid into the Office of the Clerk of the Superior Court the said sum of $5,000.00 in cash for the benefit of the defendants within the time limit heretofore stated in this judgment.*

The Superior Court of Buncombe County is hereby ordered to modify the judgment here in accordance with this opinion, and with this modification of the judgment below we find in the trial

No error.